# .CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

NEDVED et al., Respondents, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

### (153 N. W. 886.)

(File No. 3713. Opinion filed July 21, 1915.)

1. **Railroads—Maintenance of Side-track—"Distance Between Stations"—Railway Commission's Order—Statute.**

    Under Civ. Code, Sec. 534, requiring that, where stations are more than twelve miles apart, the railway company, when required by the railroad commissioners, shall construct and maintain a side track for use of shippers between such stations, held, that the "distance between stations" means the distance apart along the line of the railway track upon which such stations are situated. So held, where, although the air-line distance was 8.5 miles, the distance by railway via junction was 14.1 miles.

2. **Railroads—Railway Commissioners, Power of—Ordering Side Track—Public Necessity, Showing of.**

    Under Civ. Code, Sec. 534, empowering railway commissioners to order railways to maintain side tracks, held, that, while such commissioners have no arbitary power to order a side track, merely because stations were more than 12 miles apart, still, it appearing that the stations by rail are 16.6 miles apart, that on the lines of appellant there is no station within twelve miles of a station on the eastward, that the proposed siding is in the center of a thickly settled prosperous agricultural district, the greater part of whose products are subjects of shipment and their owners shippers, the public necessity for the siding, shown by evidence, is sufficient to justify such an order.

1—Vol. 36, S. D.

3. **Evidence—Railway Commission's Order for Side Track—Presumption of Regularity.**

> The general presumption is in favor of the regularity of a railway commission's action under its statutory power to determine the existence of that public necessity which would require construction and maintenance of a side track.

4. **Railroads—Maintenance of Side Track—Jurisdiction of Railroad Commission—Distances Apart—Junction, Distinguished From Station—Statute.**

> Under Civ. Code, Sec. 534, empowering railway commissioners to order maintenance of a side track where stations are more than 12 miles apart, held, that a junction point, 10.5 miles from a station, and having no side track, was not a railway station, but a junction merely; and the commission was not without jurisdiction to order a side track because a station was less than 12 miles from such junction.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Proceeding by Charles Nedved and others before the Board of Railroad Commissioners, to compel the Chicago, Milwaukee & St. Paul Railway Company to construct and maintain a side track. From an order of the Board requiring defendant to construct a side track, affirmed by the circuit court, and from its judgment affirming said order, defendant appeals. Order and judgment affirmed.

*William G. Porter,* and *Ed. L. Grantham,* for Appellant.

*Joseph Janousek,* for Respondents.

*P. W. Dougherty,* and *Oliver E. Sweet.* for Railroad Commissioners.

(1) Under point one of the opinion, Appellant submitted that: Sec. 534, Civ. Code, means in computation of mileage, the distance actually and necessarily traveled by the parties who are required to travel and for whose benefit the statute was enacted.

(2) Under point two of the opinion, Appellant cited: Interstate Commerce Commission v. Louisville & N. R. R. Co., 227 U. S. 88; Kansas City South. Ry. Co. v. Kaw Valley Drainage Ditch Co., 34 Sup. Ct. Rep. 564.

Appellant submitted that: The public interests and public demand are that the sidetrack be not installed at the point designated.

Respondents and Railroad Commission, cited: Civ. Code,

Sec. 534. They submitted that: Public interests at Tabor and Utica are not involved in this action.

(3) Under point three of the opinion, Appellant cited: Laws 1913, Ch. 312, Sec. 5; Lehigh Valley R. Co. vs. Meeker, 211 Fed. 285; Seward vs. D. & R. G. Ry. Co., 131 Pac. 980; A. T. & S. F. Co. vs. State, 100 Pac. 11,16.

Respondents, and Railroad Commission, cited: Chapter 207, Session Laws of 1907; Section 17, Chapter 207, Session Laws of 1911; Section 19, Chapter 207, Session Laws of 1911; Louisville & N. R. Co. vs. Behlmer, 175 U. S. 648; Interstate Commerce Commission vs. Chicago, R. I. & P. R. Co., 33 Sup. Ct. Rep. 659; ICC vs. L. & N. Ry. Co., 227 U. S. 88, 33 Sup. St. Rep. 185; ICC vs. U. P. Ry. Co.; ICC vs. Gt. N. Ry. Co.; ICC vs. N. P. Ry. Co.; 22 U. S. 541, Sup. Ct. Rep. 108; ICC vs C. R. I. & P. Ry. Co., 218 U. S. 88, 30 Sup. Ct. 651; A. T. & S. F. R. Co. vs. State, 23 Okla. 110, 100 Pac. 11, 21 L. R. A. (N. S.) 908; St. L. & S. F. R. Co. vs. Lauger et al., 119 Pac. 126; Jacobson vs. Wis. M. & P. R. Co., 40 L. R. A. p. 389.

(4) Under point four of the opinion, Appellant submitted that: The location of Napa is 10.5 miles from Tabor, which stations are therefore less than 12 miles apart, and the Board of Railroad Commissioners has no jurisdiction to require the establishment of a sidetrack thereat under Section 534, Civil Code; Laws 1911, Ch. 7, Sec. 2. That the distance between Tabor and Yankton, and not the distance between Tabor and Utica, is involved.

McCOY, P. J. Under the provisions of the statute, section 534, Civil Code, plaintiffs, 95 in number, instituted this proceeding before the railroad commissioners for the construction and maintenance of a side track between the stations of Tabor and Yankton on defendant's lines of railway in Yankton county. The matter was heard before the railroad commissioners and an order issued requiring the construction of such side track. From said order an appeal was taken to the circuit court. This appeal is taken from the order and judgment of the circuit court affirming the action of the railroad commissioners.

Section 534, Civil Code, provides that where stations are more than twelve miles apart railroad companies, when required so to do by the board of railroad commissioners, shall construct

and maintain a side track for the use of shippers between such stations.

The following plat shows the relative location of defendant's lines and stations thereon and approximate distances so far as material to the issues presented:

[1] The first contention of appellant is that the court erred in finding the distance between Tabor and Utica, via Napa Junction, to be 14.1 miles, when as a matter of fact in a direct line Tabor and Utica are not to exceed 8:5 miles apart. We are of the view that under this statute the "distance between stations" means the distance apart along the line of the railway track upon which such stations are situated. It appears that Utica and Tabor, via Napa Junction, are 14.1. miles apart. If Napa Junction were 40 miles east of Tabor with Utica only 8:5 miles distance in a direct line across country, would it be a reasonable proposition to conclude that no sidings could be required to be constructed between them because Tabor and Utica were less than 12 miles apart? We think not.

[2, 3] It is next contended by appellant that the board of railroad commissioners has not arbitrary power to order a side

track. With his statement we are in accord; but we are of the view, however, that while the board of railroad commissioners would have no authority to arbitrarily require the construction of a side track under this statute merely for the reason that stations might happen to be more than 12 miles apart, still, in this particular case, the evidence as to the public necessity for the siding in question, as we view it, is sufficient to justify the action of the board. It appears that the proposed siding is approximately in the center of a thickly settled prosperous agricultural district, where abundance of grains, stock, and other produce are annually grown; and which products, or a greater portion thereof, as every one knows, are the subject of shipment, and the owners thereof shippers. The railroad commission is the tribunal appointed and empowered in the first instance to determine under this statute the existence of that public necessity which would require the construction and maintenance of a side track. The general presumption is in favor of the regularity of its action, and should only be overturned when it clearly appears that the surrounding facts will not justify such action. A., T. & S. F. Ry. v. State, 23 Okl. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908; Steenerson v. Railway, 69 Minn. 353, 72 N. W. 713; Jacobson v. Railway, 71 Minn. 519, 74 N. W. 893, 40 L. R. A. 389, 70 Am. St. Rep. 358.

[4] It is also contended that the railroad commission has no jurisdiction to require the construction of said side track for the reason that Tabor and Napa are less than 12 miles apart, the finding being that they are 10:5 miles apart. We are of the opinion that, under the evidence, Napa is not a railway station. It is a junction merely. There is no side track at Napa.

It is also contended that the demand for said side track is a mere subterfuge, but we are of the view that this contention is not justified by the evidence.

It appearing that Yankton and Tabor by rail are 16.6 miles apart, and that on the railway lines of appellant there is no station or stations within 12 miles of Tabor on the eastward, and the evidence showing sufficient facts as to public necessity to justify the railroad commission in requiring the construction and maintenance of said side track, the order and decree appealed from are affirmed.