**KAUFMAN et al. v. SOCIETE INTERNA-
TIONALE POUR PARTICIPATIONS
INDUSTRIELLES ET COMMERCIALES
S. A., et al.**

No. 10755.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 17, 1951.

Decided April 5, 1951.

See also 88 U.S.App.D.C. ——, 188 F.2d 1011.

William Radner, Washington, D. C., with
whom Odell Kominers and Henry G.
Fischer, Washington, D. C., were on the
brief, for appellants.

John J. Wilson, Washington D. C., with
whom Roger J. Whiteford, Philip S. Pey-
ser, and Jo V. Morgan, Jr., Washington, D.
C., were on the brief, for appellee Societe
Internationale pour Participations Indus-
trielles et Commerciales S. A., etc.

David Schwartz, Washington, D. C., At-
ty. Department of Justice, with whom Asst.
Atty. Gen. Harold I. Baynton and George
B. Searls and Sidney B. Jacoby, Washing-
ton, D. C., Attys., Department of Justice,
were on the brief, for appellees J. Howard
McGrath, Attorney General of the United
States, and Georgia Neese Clark, Treasurer
of the United States.

William P. MacCracken, Jr., Homer
Cummings, J. Edward Burroughs, Jr., and
Frank C. Sterck, Washington, D. C., were
on the brief for appellee Remington Rand,
Inc.

Before EDGERTON, PROCTOR, and
FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Societe Internationale (Interhandel) sued
to recover property vested under the Trad-
ing with the Enemy Act, 40 Stat. 411, as
amended, 50 U.S.C.A.App. § 1 et seq. "Any
person not an enemy or ally of enemy
claiming any interest * * * in any
money or other property which may have
been conveyed * * * to the Alien
Property Custodian or seized by him here-

under and held by him or by the Treasurer of the United States" may "institute a suit in equity * * * to establish the interest * * * so claimed * * *." 50 U.S. C.A.App. § 9(a). Interhandel contends it owned the property, is a Swiss corporation, and is not an enemy or ally of enemy. The government contends Interhandel is enemy-owned and enemy-controlled.

Appellants are American citizens who own a few shares of stock in Interhandel. They undertook to intervene in its suit and appeal from an order denying intervention. They do not deny that much of Interhandel's stock is enemy-owned. But they contend that Interhandel has a claim, for the benefit of those of its stockholders who are not enemies, to the return of a share of the vested property proportionate to the interest of these stockholders in the corporation. They contend they are entitled to intervene to compel the corporation to assert this claim.

 Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that anyone may intervene in an action " * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court * * *." Clause (2) is inapplicable. Appellants will not "be bound by a judgment in the action" unless they are allowed to intervene. If they have a right to a share of the vested property they cannot be deprived of it in a suit to which they are not parties. Clause (3) is also inapplicable. "The law is well settled that one entitled to intervene as a matter of right under Rule 24(a) (3) F.R.C.P. 'must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment.' Pure Oil Co. v. Ross, 7 Cir., 1948, 170 F.2d 651." Dowdy v. Hawfield, 88 U.S.App.D.C. ——, 189 F.2d 637, 638. "Clause 3 contemplates that the person having the right of intervention should have a legal interest in the property in the custody of the court."[1] Appellants have no such interest. "The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members. Donnell v. Herring-Hall-Marvin Safe Co., 208 U.S. 267, 273 [28 S.Ct. 288, 52 L.Ed. 481]." Klein v. Board of Tax Supervisors, 282 U.S. 19, 24, 51 S.Ct. 15, 16, 75 L.Ed. 142. If this basic principle were disregarded in connection with clause (3) the result would be that any stockholder in any corporation could insist on intervening in any suit involving a claim of the corporation to specific property. Moreover, a corporation has "no 'standing vicariously' to assert the interests of its shareholders." Silesian-American Corp. v. Clark, 332 U. S. 469, 474, 68 S.Ct. 179, 181, 92 L.Ed. 81.

Appellants have filed a suit in the United States District Court for the Southern District of New York to recover a proportionate share of the vested property. We express no opinion regarding that suit. We hold only that appellants have no valid claim to intervene in the corporation's suit.

Affirmed.

1. United States v. Columbia Gas & Electric Corp., D.C.D.Del.1939, 27 F.Supp. 116, 120. Cf. Radford Iron Co. v. Appalachian Electric Power Co., 4 Cir., 1933, 62 F.2d 940; Gross v. Missouri & A. Ry. Co., D.C.W.D.Ark.1947, 74 F. Supp. 242; In re Bender Body Co., D.C. N.D.Ohio 1942, 2 F.R.D. 413.