Stanley L. KAUFMAN, Plaintiff,

v.

Louis E. WOLFSON, J. A. B. Broadwater, E. B. Gerbert, David A. Goodkind, Robert E. Harvey, Alexander Rittmaster, Cecil Wolfson, Samuel Wolfson, H. W. Pierce, Robert C. Baker, Robert L. Purcell, Doran S. Weinstein, New York Shipbuilding Corporation and Devoe & Raynolds Company, Inc., Defendants.

United States District Court
S. D. New York.
Jan. 26, 1956.

**480**

Kaufman, Imberman & Taylor, New York City, for plaintiff. Jacob Imberman, New York City, of counsel.

Manning, Hollinger & Shea, New York City, for individual defendants, Louis E. Wolfson and others. Edwin A. Lewis, New York City, of counsel.

Lawler & Rockwood, New York City, for defendants New York Shipbuilding Corp. and Devoe & Raynolds Co., Inc.

DIMOCK, District Judge.

This is a second motion by plaintiff to vacate a stay of a stockholder's derivative action brought in this court under the diversity jurisdiction. The action was stayed until plaintiff should furnish security in the amount of $50,000 pursuant to section 61-b of the New York General Corporation Law, Consol.Laws, c. 23. That section requires in substance that a plaintiff in a stockholder's derivative action shall give security for defendant's expenses unless stockholders owning at least 5% of the outstanding stock or stock having a market value in excess of $50,000 have joined the action as parties plaintiff.

In an opinion dated December 16, 1955, D.C., 136 F.Supp. 939, I denied plaintiff's first motion to vacate the stay. It was denied on the ground that the proposed intervenors had not met the "time of ownership" requirement of Rule 23(b), F.R.C.P., 28 U.S.C. Plaintiff was then given twenty days, from the time of notice of the opinion in the New York Law Journal, to comply with Rule 23(b). The stay was continued for that period and, by stipulation dated January 17, 1956, the stay has been continued until an order on this present motion is entered.

Plaintiff again bases his plea for vacating the stay on an allegation that he has been joined by other named stockholders with the result that they together hold 4,204 shares of stock of defendant New York Shipbuilding Company which have a value in excess of $50,000. He asks that they be allowed to intervene as parties plaintiff and that, upon their intervention and joinder, all plaintiffs be permitted to serve an amended and supplemental complaint, a copy of which, dated January 12, 1956, was filed with the court. For the purpose of meeting the requirements of the "time of ownership" provision of Rule 23(b), this amended and supplemental complaint includes allegations that, as to each cause of action, there are proposed intervenors owning shares of stock of a value in excess of $50,000 who were stockholders at the time of the injury of which they complain.

Defendants oppose that part of the motion which would permit intervention of the proposed intervenors on three grounds. Firstly, defendants state that the allegations in the proposed amended and supplemental complaint, relating to dates of the transactions complained of and the dates that the various proposed intervenors became owners of their stock, must be proved to the court's satisfaction before intervention may be ordered. Secondly, defendants allege that there is no proof that the proposed intervenors have retained plaintiff's counsel. Thirdly, defendants allege that plaintiff Kaufman misrepresented facts to the proposed intervenors for the purpose of inducing them to intervene. Therefore, defendants ask that intervention be denied until the court or a referee has had an opportunity to determine whether the proposed intervenors have actually been misled.

In addition, defendants state that, even if intervention is permitted, plaintiffs should not be excused from furnishing security unless and until plaintiffs substantiate their allegations relating to the amount of stock owned by each of the proposed intervenors and prove that they actually own shares of stock of a value in excess of $50,000. To support this demand for substantiation, defendants aver, in an affidavit in opposition to this motion, that certain of

the proposed intervenors do not presently own stock in the defendant corporation and others own a smaller number of shares than claimed.

None of defendants' three objections to permitting the intervention of these proposed intervenors has merit.

For the purposes of a motion to permit intervention, all allegations in the pleading, which the intervenors propose to serve when they are made parties to the action, must be deemed to be true. Clark v. Sandusky, 7 Cir., 205 F.2d 915; 4 Moore, Federal Practice, par. 24.14. Thus, the proposed plaintiffs are not required to substantiate their allegations relating to the dates of the transactions complained of and the dates that each proposed plaintiff became a stockholder. The allegations in the proposed amended and supplemental complaint are sufficient to meet the "time of ownership" requirement of Rule 23(b).

Plaintiff's attorneys are not required to prove that the proposed intervenors have retained them to represent them in this action. An appearance by an attorney on behalf of one he states to be his client creates a presumption that he has been so retained. The burden of disproving this presumption is on the defendants. Osborn v. President, etc., of Bank of United States, 9 Wheat. 738, 829, 6 L.Ed. 204; Bowles v. American Brewery, 4 Cir., 146 F.2d 842, 847. This burden has not been sustained.

Defendants state, in their third objection to permitting intervention, that the intervenors have been misled into joining the action as parties plaintiff. This is but another way of saying that their attorneys' authority to represent them has been obtained by fraud. If, as just demonstrated, defendants have the burden of proving that plaintiffs' attorneys' authority is non-existent they likewise have the burden of proving that plaintiffs' attorneys' authority is defective. This burden, like the others, has not been sustained.

Defendants' request that plaintiff be required to furnish security, even though intervention is permitted, is also without merit. If the allegations in the amended and supplemental complaint had been part of an original complaint, I do not believe that it could have been seriously contended that security should be required simply because the defendant denied the allegations. As I have already stated, no reason is perceived why the proposed intervenors should not be permitted to intervene. Once they have intervened and have served the amended and supplemental complaint, the case is in the same position as if they had been named as plaintiffs in the original complaint, when, as I have said, a mere denial would not be sufficient to create the necessity for security. Therefore, plaintiffs should not be required to furnish security on this motion.

Defendants' remedy for alleged misstatements and misrepresentation by plaintiff does not lie in opposing plaintiff's present motion. Rather, if after intervention is permitted defendants wish to show that there is, in reality, a failure to comply with Rule 23(b), or that the intervenors do not own shares of stock of a value in excess of $50,000, or that the proposed intervenors have not retained their counsel of record or were misled, defendants can doubtless have those issues tried out. See Galdi v. Jones, 2 Cir., 141 F.2d 984, 992. For the present, plaintiffs have established prima facie their right to proceed and, if they are to be stayed hereafter, it must be upon a determination on the facts. Defendants have not made a strong enough showing to warrant an interim stay while they are attempting to obtain such a determination.

Plaintiff's motion to vacate the stay of this action and to permit intervention of the proposed intervenors and service of the amended and supplemental complaint is granted without prejudice to a new application for reinstatement of the stay under section 61–b of the New York General Corporation Law and Rule

23(b), F.R.C.P. and/or the elimination of one or more plaintiffs on the ground that their attorneys of record were without authority to appear for them or had obtained authority by fraud.