Mary Teresa **GENTRY** et al., Plaintiffs,

v.

The **HIBERNIA BANK**, a corporation, et al., Defendants.

No. 35790.

United States District Court
N. D. California, S. D.

Oct. 4, 1956.

See also D.C., 152 F.Supp. 469.

C. Ray Robinson, T. Keister Greer, Richard J. Carew, Walter McGovern, and O'Gara, McGuire & Danielson, San Francisco, Cal., for plaintiffs and applicants for intervention.

Moses Lasky, Brobeck, Phleger & Harrison, James Farraher, Sullivan, Roche, and Johnson & Farraher, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a motion of 59 persons to intervene as plaintiffs in this cause. The record now before the Court shows that the attorneys for the movants started with 61 clients, who asserted like claims against defendants. Two of the 61 clients were citizens of Oregon, 59 were California citizens. All of the defendants are California citizens. Obviously the 61 could not maintain suit against the defendants in federal court under the diversity jurisdiction. (28 U.S.C. § 1332.)

So the following adroit procedural maneuver to synthesize the jurisdiction was executed:

On August 29, 1956, suit was filed by the two Oregonians against the defendant Californians. The Oregonians alleged that they adequately represented a large group of former depositors and members of the Hibernian Savings & Loan Society, who had like causes of action against the defendants, and that they brought the suit on behalf of all such persons.

But the very same day, *indeed simultaneously*, the Oregonians' attorneys filed this motion for leave to file 16 complaints in intervention, on behalf of their 59 California clients.

Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in pertinent part, provides: *"Permissive Intervention.* Upon timely application, anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact in common."

There is no doubt that the pleadings show questions of fact and law common to both the complaint and the "applicants'" claims. But there is also no doubt that the 59 are not in truth or in fact intervenors in any sense whatever. They are just plain plaintiffs. The so-called interventions are only for the purpose of avoiding the jurisdictional barrier, and not in the real spirit of intervention, as recognized in the rules and decisions.

The Court is here asked to give its "permission" under Rule 24(b), to file the complaints in intervention. Since these are colorable complaints in intervention, permission is refused.

It is not amiss to point out, also, that all of the 61 have their causes pending in state court, some of them for several years, one even now in the Supreme Court of California. They are there represented by the same counsel as here. The causes are peculiarly local, involving the construction of California statutes.

Without more, under these circumstances, it is sufficient to say that we are busy enough with legitimate federal causes, not to be bothered with local litigation, artfully, but not very successfully, dressed up in federal habiliments.

Other grounds are urged by the Hibernia Bank in opposition to the application for intervention, which are meritorious. But I am satisfied to rest decision upon the ground that the proffered interventions are in truth not interventions at all.

The Oregonians may proceed to litigate their claims, under the diversity jurisdiction, subject to such motions or defenses as may be asserted against them.

The motion to intervene is denied.