**Frank J. KOZAK et al., Appellants,**

v.

**Willard B. WELLS, Administrator, etc., et al., Appellees.**

**No. 16364.**

United States Court of Appeals Eighth Circuit.

April 26, 1960.

Joseph O. Janousek, Washington, D. C., and John R. Green of Green, Hennings, Henry & Evans, St. Louis, Mo., for appellants.

Everett A. Bogue, Vermillion, S. D., for appellees, Willard B. Wells, administrator, Lillian Fejfar Griffin and Louis B. French.

Before GARDNER, WOODROUGH and BLACKMUN, Circuit Judges.

BLACKMUN, Circuit Judge.

This is an appeal by Frank J. Kozak, Josephine Peterka and Emil Cwach, citizens of South Dakota, from the district court's order dated August 13, 1959, denying each appellant's separate motion for leave to intervene as a plaintiff. The appellees who have appeared here (Willard B. Wells, as Administrator of the Estate of William L. Bruce, deceased, Lillian Fejfar Griffin and Louis B. French) are 3 of several defendants in what we shall call the main action. The court's order also dealt with 25 other motions, filed by parties to the main action, which had accumulated and were pending; some of these were granted, some were denied and some were dismissed as being moot. By order of this court the printing of the record on this appeal was excused and the original file of the district court is before us in its entirety. This file has been carefully reviewed.

The appeal found its place on our calendar for the March Session. The appellees' case was noted as submitted on their brief. On the hearing day the appellants filed a written motion that oral argument be reset to a later date. No grounds for this were specified. The motion was therefore denied and the appellants' case is also taken on briefs under this court's Rule 13(g), 28 U.S.C.A.

The main action, instituted September 6, 1957, is a diversity case brought by citizens of Maryland, namely, Emma Janousek, as widow, heir and Administratrix of the Estate of Joseph Janousek, deceased, and by said decedent's 2 children, Eunice Janousek and Joseph O. Janousek, who are the other heirs, against a number of citizens of South Dakota, and against Lillian Fejfar Griffin who may be described at this point in the litigation as a citizen of either Iowa or South Dakota.

It is not necessary, for purposes of this appeal, to set forth in detail the allegations of the pleadings in the main action and it suffices merely to summarize them.

The amended complaint, filed August 25, 1959, by leave of court upon motion and after notice, asserts the jurisdictional amount and contains 2 counts. The first count refers to the establishment of a townsite called Janousek, between Yankton and Tabor in Yankton County, South Dakota, after litigation culminating in Nedved v. Chicago, M. & St. P. Railway Co., 36 S.D. 1, 153 N.W. 886, decided by the Supreme Court of South Dakota in 1915. The decedent Joseph Janousek participated as counsel for the successful parties in that litigation. A surveyor's certificate and plat of the townsite, consisting of over 100 lots owned by the decedent was filed for record in 1916 and contained a dedication to public use forever by the decedent and his wife, one of the present plaintiffs, of the streets and alleys shown on the plat. The plaintiffs then allege the decedent's exercise of ownership over the townsite until his death on November 1, 1918, and his sale of lots therefrom; a lack of knowledge until recently on the part of any of the plaintiffs of the extent of the decedent's ownership of property in the townsite; the status of the appellee Wells' decedent Bruce as a trusted business advisor of Janousek's widow; a series of acts by Bruce and other defendants of domination over most of the townsite by way of a trust, court proceedings, instruments of conveyance and the like, amounting to an unlawful confederation between Bruce, Mrs. Griffin and Mrs. Griffin's parents to deprive the plaintiffs of their property in the town; misrepresentation and fraud on the part of Bruce and Griffin and malicious effort on their part to efface and destroy the identity and existence of the town; trespass by Mrs. Griffin upon the plaintiffs' property with plows and excavating equipment; and destruction of streets, alleys, curbs and sidewalks, closing off of public thoroughfares and the like. The relief requested includes the annulment of a 1919 state court trusteeship order and of a 1948 state court title judgment, the invalidation of certain deeds, the quieting of plaintiffs' title in specified

lots and of the title of other lots in named persons, accountings, and an injunction. The second count incorporates the allegations of the first, alleges injury and malice and seeks judgment for compensatory and punitive damages.

By separate amended answer Griffin sets forth a general denial; alleges that the decedent Janousek's title to lots in the townsite was as trustee only and that this interest terminated upon his death; specifically denies all allegations of confederation, concealment, fraud and deception, and raises the affirmative defenses of the statutes of limitations, estoppel, laches and res judicata. Similar defenses are alleged by Wells and French in separate answers. Answers were also filed by other defendants.

The respective motions for leave to intervene were filed by Kozak on February 12, 1958, and by Peterka and Cwach on August 15, 1958. This was after the filing of an answer by one defendant (Wagner), of plaintiffs' motion for leave to amend their complaint, and of motions by Bruce, French and Griffin to dismiss and to strike the plaintiffs' pleadings, but before the court's order of August 13, 1959, which also granted leave to file the amended complaint and denied the motions to dismiss and to strike, and before the other answers were filed. Each intervention motion is accompanied by the pleading, here in the form of a complaint, required by Rule 24(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Kozak, by his complaint in intervention, alleges that he is the owner of 6 lots in the townsite, that one of these is improved by a residence and outbuildings and is presently occupied by Kozak's father, and that, except for his intervention, he would be denied relief and is without adequate representation of his interests and will or may be bound by the judgment and orders in the main action. He then alleges with respect to his property acts of trespass and destruction similar to those in the plaintiffs' complaint, including destruction of public streets and alleys, curb lines, sidewalks, his boundary markers, etc., and specifically states that the sole access he and his father have to the residence is by a roadway, which is the only public street of the town not yet unlawfully obstructed, and that the defendants or some of them have threatened to fence and plow this street and thus deny the intervener access to his property. Kozak seeks an injunction and an accounting.

Peterka by her complaint claims an undivided interest in one lot in the townsite and alleges that Bruce by a 1941 deed purported to convey some interest in that lot to the father of Griffin, that Bruce had no interest in the lot, that Griffin's parents quit-claimed the lot to Griffin in 1946, that this was part of an unlawful confederation to deprive the intervener of her property and to destroy and eliminate the town. Allegations similar to those in the plaintiffs' complaint are then made or incorporated. Peterka claims that she is without adequate representation of her interests in the main action and that she will be bound by the result thereof. She seeks the voiding of deeds, the annulment of the state court 1948 judgment, the quieting of title of her lot interest, an accounting and an injunction.

Cwach's complaint alleges his ownership of a lot in the townsite, the sustaining of trespass and wrongs similar to those alleged by the plaintiffs, the absence of adequate representation, and his being bound by orders and judgment in the main action. He also seeks an injunction and an accounting.

It is to be noted that Kozak's complaint in intervention differs from the others in that he alleges occupancy and residence by his father, and threatened denial of access to that property, and that Peterka's complaint differs from the others in that she claims interference with her formal record title, whereas no such claim is made by either Kozak or Cwach.

The appellees oppose the interventions on the grounds (1) that the appellants have not brought themselves within the requirements of Rule 24, Federal Rules of Civil Procedure, and (2) that there is no federal jurisdiction under 28 U.S.C.A.

§ 1332, inasmuch as each intervener is a citizen of South Dakota, and thus does not satisfy the diversity requirement, and has failed to allege the jurisdictional amount.

Joseph O. Janousek, who is primary attorney for the plaintiffs in the main action and is also one of the plaintiffs, is an attorney for each of the 3 interveners.

We state at the outset that in view of the fact that this case is a seemingly bitter argument, over a tract of land, between what are essentially two groups (one consisting of those persons claiming title primarily through the decedent Janousek and the other of those having to do with title transfers through Bruce and defendant Griffin's parents), it is our feeling that this controversy would best be settled, if possible, in single prompt litigation in one forum rather than in separate and delayed disassociated actions in perhaps more than one court. We must be certain that, however desirable this result may be, it must not be accomplished through an undue extension of federal jurisdiction, Rule 82, F.R.C.P.

■ The order, to the extent it denies intervention sought as a matter of right, is appealable. Brotherhood of R. Trainmen v. Baltimore & O. R. Co., 331 U.S. 519, 524, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646; Sutphen Estates, Inc. v. United States, 342 U.S. 19, 20, 72 S.Ct. 14, 16, 96 L.Ed. 19; Farmland Irrigation Co. v. Dopplmaier, 9 Cir., 220 F.2d 247, 248; Ford Motor Co. v. Bisanz Bros. Inc., 8 Cir., 249 F.2d 22, 27; Cameron v. President and Fellows of Harvard College, 1

Cir., 157 F.2d 993, 996. See Blumgart v. St. Louis-San Francisco Ry. Co., 8 Cir., 94 F.2d 712, 716, certiorari denied 304 U.S. 567, 58 S.Ct. 1041, 82 L.Ed. 1533.

Rule 24,[1] F.R.C.P., now embodies the primary prescription for intervention in federal actions. While the respective motions before us for leave to intervene do not specifically refer to Rule 24(a)(2), it is clear from their language, from the supporting complaints, and from the appellants' briefs that the interveners rely here, as they did in the court below, on intervention of right under that subdivision of the Rule. It is perhaps worthy of note that while Rule 24(a) is a "codification of general doctrines of intervention" it appears to have been characterized by the Supreme Court as not being "a comprehensive inventory of the allowable instances for intervention." Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 508, 505, 61 S.Ct. 666, 668, 85 L.Ed. 975; Textile Workers Union of America, C. I. O. v. Allendale Co., 96 U.S.App.D.C. 401, 226 F.2d 765, 768, certiorari denied Allendale Co. v. Mitchell, 351 U.S. 909, 76 S.Ct. 699, 100 L.Ed. 1444; 4 Moore's Federal Practice, Second Edition, § 24.07, p. 33.

■ Rule 24(a)(2) establishes 3 conditions for intervention of right: (1) that the application be timely; (2) that the representation of the applicant's interest by existing parties is or may be inadequate, and (3) that the applicant is or may be bound by a judgment in the action. Upon satisfying these conditions the applicant "shall be permitted to intervene."[2]

1. Rule 24: "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *"

2. The requirements for permissive intervention under Rule 24(b)(2) differ and

■ We feel that the requirement of timeliness is satisfied here. Although Kozak's motion to intervene was made 5 months, and those of Peterka and Cwach almost a year, after the filing of the complaint in the main action, the issues except for defendant Wagner's answer (and the pleadings indicate he is not a principal defendant) had not yet been drawn and prejudice on the time factor alone is neither apparent nor asserted. Timeliness is to be determined from all the circumstances shown. Clark v. Sandusky, 7 Cir., 205 F.2d 915, 918; 4 Moore's Federal Practice § 24.13; and compare Pyle-National Co. v. Amos, 7 Cir., 172 F.2d 425, 428. There are even occasions where intervention is proper after judgment. Wolpe v. Poretsky, 79 U.S.App.D.C. 141, 144 F.2d 505, 508, certiorari denied 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621; Cuthill v. Ortman-Miller Machine Co., 7 Cir., 216 F.2d 336, 338; Pellegrino v. Nesbit, 9 Cir., 203 F.2d 463, 465, 37 A.L.R.2d 1296; American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C.S.D.N.Y., 3 F.R.D. 162, 164.

■ The 2 remaining conditions must both be met. 4 Moore's Federal Practice, § 24.08, p. 35; Farmland Irrigation Co. v. Dopplmaier, supra, at page 248 of 220 F.2d; Cameron v. Harvard College, supra, at page 996 of 157 F.2d. For purposes of judging the satisfaction of these conditions we look to the pleadings, that is, to the motion for leave to intervene and to the proposed complaint or defense in intervention, and, absent sham and frivolity, we accept the allegations in those pleadings as true.

"The question on a petition to intervene is whether a well-pleaded defense or claim is asserted. Its merits are not to be determined. The defense or claim is assumed to be true on motion to intervene, at least in the absence of sham, frivolity, and other similar objections." Otis Elevator Co. v. Standard Construction Co., D.C.D.Minn., 10 F.R. D. 404, 406.

"For the purposes of a motion to permit intervention, all allegations in the pleading, which the intervenors propose to serve when they are made parties to the action, must be deemed to be true." Kaufman v. Wolfson, D.C.S.D.N.Y., 137 F. Supp. 479, 481.

Clark v. Sandusky, supra, at page 918 of 205 F.2d; Dalva v. Bailey, D.C.S.D.N.Y., 158 F.Supp. 204, 207. Whether the allegations are eventually proved is beside the point for we are now concerned only with the question of right to intervene and not with ultimate results on the merits.

■ The question of adequate representation. The property interests of the respective interveners are different from those of the plaintiffs. Kozak does not assert original ownership to 6 lots in conflict with a record title claim on the part of any defendant. He does assert improvement of one lot by a residence with outbuildings, occupancy thereof by his father, and threatened loss of his only remaining access. Similarly, Cwach's claim of title to one lot is not in conflict with any record title claim of any defendant. Peterka's claim to an interest in one lot is in conflict with a claim of record title by defendant Griffin and this controversy evidently centers upon some of the same deeds and the same title action challenged by the plaintiffs' allegations. The plaintiffs in their amended complaint place emphasis also on community rights of the town as an entity. Being the widow and children and sole heirs of the town's founder and bearing, as they do, the name Janousek, they may well have a sentimental factor in their case which they desire to protect and which urges them to action but which may be a matter of less or no concern to the interveners. The plaintiffs furthermore do not bring this action as a class action and do not purport to represent

are (1) that the application be timely, and (2) that the applicant's claim or defense and the main action have a question of law or fact in common.

the other owners of property in the townsite. Although certain of these factors might more readily attach to the ground set forth in Rule 24(b)(2) for permissive intervention, that is, a common question of law or fact, we conclude that the representation of the 3 interveners' respective interests by the plaintiffs is or at least may be inadequate, within the meaning of Rule 24(a)(2). We emphasize here that a positive showing that such representation is inadequate is not necessary. The rule requires only that it "may be inadequate". As this court said in Ford Motor Co. v. Bisanz Bros. Inc., supra, at pages 27 and 28 of 249 F.2d:

> "While there is justification for a belief that the Railroad will, at a trial of this case on the merits, adequately present to the trial court all of the evidence and all of the applicable law necessary to enable the court to consider and decide the issues raised by the pleadings, including the proposed answer of the Ford Motor Company, it cannot be said with certainty that this will be so, and the Company insists that it will not be so and that it has a special interest that the Railroad does not represent.
>
> "Under Rule 24(a), if the representation of the interest of the Ford Motor Company 'may be inadequate,' that is enough, provided also that the company is or may be bound by a judgment in the action."

The question whether the respective applicant interveners are "or may be bound by a judgment" in the action. These interveners are not indispensable parties and it could be said, if they were denied intervention, that technically they would not be bound by a judgment against the plaintiffs. On the other hand, as this court also said in the Ford case, at page 28 of 249 F.2d, we "think that in a very real sense (the applicants-interveners) would be bound, since obviously such a judgment" would determine the legal effectiveness of the attacks against the state court order and judgment (also attacked by Peterka) and the existence and propriety of defendants' acts (also attacked by Kozak, Peterka and Cwach), and the result would certainly establish an adverse precedent for the interveners. Damage would have been done and undue prejudice may result, Clark v. Sandusky, supra, at page 918 of 205 F.2d, and the applicants would be " 'bound' by the determinations therein in a very practical sense", Textile Workers Union v. Allendale Co., supra, at page 767 of 226 F.2d, and would "gain or lose by the direct legal operation of the judgment", Kelley v. Summers, 10 Cir., 210 F.2d 665, 673; Pure Oil Co. v. Ross, 7 Cir., 170 F.2d 651, 653. We prefer to give the word "bound" this utilitarian and realistic interpretation and not the narrow one applied in Ar-tik Systems, Inc. v. Dairy Queen, Inc., D.C.E.D.Pa., 22 F.R.D. 122, and in United States v. Wilhelm Reich Foundation, D.C.D.Maine, 17 F.R.D. 96, 100, affirmed as Baker v. United States, 1 Cir., 221 F.2d 957, where, we feel, the district courts too readily concluded that Sutphen Estates, Inc. v. United States, at page 21 of 342 U.S., at page 16 of 72 S.Ct. requires that the judgment in the main action be res judicata before intervention of right is indicated. The presence of the words "may be" in the Rule clearly indicates that the judgment does not always need to be strictly res judicata. See Textile Workers Union of America v. Allendale Co., at page 767 of 226 F.2d. It is to be noted, too, that the Ford and Clark cases, referred to both above and below, were decided after Sutphen, and that Sutphen was cited by this court in Ford and not regarded as having the interpretation given by the district courts in Ar-tik and Reich Foundation. Compare Kaufman v. Societe Internationale, 343 U.S. 156, 162, 72 S.Ct. 611, 96 L.Ed. 853, reversing 88 U.S.App.D.C. 296, 188 F.2d 1017.

Cases exactly in point have not been found or suggested in the briefs. Neither do the cases readily align themselves so as to afford helpful working rules for the trial courts to whom these intervention questions are presented. This is probably because the standards for inter-

vention are not absolute but intentionally have been made somewhat flexible. We are driven, therefore, to the unhelpful and not infrequent conclusion that perhaps each case is to be decided and explained largely on its own facts and this may be the only way to reconcile the results in the reported cases.

We do feel, however, that the case before us finds some precedent in the following: (1) Ford Motor Co. v. Bisanz Bros. Inc., 8 Cir., supra (class action by residential-property owners to enjoin a railroad's maintenance and operation of trackage used for the temporary storage of freight cars in the vicinity of an automobile assembly plant; the motor company sought to intervene as a defendant under Rule 24(a)(2) and (b)(2), claiming the right to have the railroad continue to furnish the freight service essential for the operation of the plant and maintain the necessary trackage); (2) Clark v. Sandusky, 7 Cir., supra, (action by negro plaintiffs asserting civil rights against defendant chief of police, alleging making of an apartment lease, purchase of furniture and attempts to move in, and abuse by the defendants, prevention of the move, and orders to leave town; the intervener asserted ownership of the apartment building concerned and of most of the furniture involved, and a conspiracy between the plaintiffs and their attorney and others to create an "incident," with resulting damage to the building and destruction of the furniture); (3) Mack v. Passaic National Bank & Trust Co., 3 Cir., 150 F.2d 474, (action by holders of "certificates of shares of proceeds of sale" of cemeteries against a trustee alleging a breach, with respect to perpetual care funds and lot sale proceeds, of provisions of a Trust Indenture; a lot owner sought to intervene on the ground that any right which he had against the trustee was prejudiced by the trial court's decree and that the lot owner could not be represented adequately by the certificate holders); (4) Wolpe v. Poretsky, D.C.Cir., supra (action by property owner to enjoin zoning commission members from placing a zon-

ing order into effect; the injunction being granted and the commission voting not to take an appeal, a number of adjoining property owners sought to intervene for the purpose of moving for a new trial or, in the alternative, to take an appeal). In all 4 of these cases orders of the trial courts denying intervention of right were reversed. Compare, for interest, Elder v. Western Mining Co., 8 Cir., 280 F. 569, 578.

Distinguishable on their facts, we feel, are Pennington v. Missouri Pacific R. Co., 8 Cir., 239 F.2d 332, and Johnson v. Riverland Levee District, 8 Cir., 117 F.2d 711, 134 A.L.R. 326.

We are influenced, also, by the realization that the allowance of intervention here will be in line with the command of Rule 1, F.R.C.P., that the rules "be construed to secure the just, speedy, and inexpensive determination of every action." It will be in line with the purpose of the rules:

"Outmoded technicalities and refinements of procedure no longer obtain in federal courts; the object of the new rules being to facilitate the trial and disposition of causes and all matters in controversy upon their merits. \* \* \*" Williams v. Keyes, 5 Cir., 125 F.2d 208, 209, certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768.

Northeast Clackamas County Electric Coop. Co. v. Continental Cas. Co., 9 Cir., 221 F.2d 329, 333. It will be in line with the expression of liberality toward third party practice found more and more frequently in the cases:

"A liberal attitude toward the inclusion of parties is a necessary concomitant to the liberalized third-party practice authorized by the Federal Rules of Civil Procedure. The presence of these defendants is necessary to a complete adjudication of the issues involved in this litigation, which should not be retried at another time in another form." United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, 217.

"These rules are a part of that fundamental tenet of modern procedure that joinder of parties and of claims must be greatly liberalized to provide at least for the effective settlement at one time of all disputes of which parts are already before the court. They should, therefore, receive such favorable construction as is possible, consistent with due recognition of the settled principle that procedural rules cannot be used to extend federal jurisdiction or venue. Rule 82." Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 973.

It will be in line with the same liberal attitude expressed specifically toward Rule 24(a) itself:

"This Rule should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action." Clark v. Sandusky, supra, at page 919 of 205 F.2d.

Knapp v. Hankins, D.C.E.D.Ill., 106 F.Supp. 43, 47; Tatum v. Cardillo, D.C.S.D.N.Y., 11 F.R.D. 585, 587; Twentieth Century-Fox Film Corp. v. Jenkins, D.C.S.D.N.Y., 7 F.R.D. 197, 199; United States v. C. M. Lane Lifeboat Co., Inc., D.C.E.D.N.Y., 25 F.Supp. 410, 411.

In summary, therefore, we conclude that the appellants are entitled to intervene of right. Like Ford, supra, [249 F.2d 27.] we regard this case as one where "the practical necessities grant the applicant an absolute right to intervene." Brotherhood of R. Trainmen v. Baltimore & O. R. Co., supra, at page 524 of 331 U.S., 67 S.Ct. at page 1390. And if the case is close and there are any doubts, the "may be" language twice repeated in Rule 24(a)(2) convinces us that they are to be resolved in favor of the interveners.

This leads us to the question of the effect upon federal court jurisdiction of (1) the absence of an allegation of jurisdictional amount in each complaint in intervention, and (2) permitting intervention, in this diversity suit, by these applicants who are all South Dakota citizens and hence are citizens of the same state as all, or at least all but one, of the defendants.

■ Although Wichita Railroad & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, was decided almost 40 years ago and prior to the adoption of the current Federal Rules of Civil Procedure, the answer to this question is apparent from Mr. Chief Justice Taft's opinion in that case, at pages 53–54 of 260 U.S., at page 53 of 43 S.Ct.:

"The intervention of the Kansas Company, a citizen of the same state as the Wichita Company, its opponent, did not take away the ground of diverse citizenship. That ground existed when the suit was begun and plaintiff set it forth in the bill as a matter entitling it to go into the District Court. Jurisdiction once acquired on that ground is not divested by a subsequent change in the citizenship of the parties. * * * Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties."

Since the present rules have been effective, the courts have held that intervention of right of an additional party plaintiff possessing the same citizenship as the defendant does not defeat federal jurisdiction once it has attached.

"Permitting intervention after federal jurisdiction has attached by an insurer which is a resident of the same state as defendant will not defeat the jurisdiction. * * * It would result in unnecessary hardship and confusion to hold that such a company, entitled to partial subrogation, may not intervene for the protection of its interests in a suit properly pending in the federal courts, but must go into a state court and try over again issues that have been already settled in the federal court. There is nothing in modern practice which sanctions any such absurdity." Virginia Electric

& Power Co. v. Carolina Peanut Co., 4 Cir., 186 F.2d 816, 821, 32 A.L.R. 2d 234.

To the same effect are Lenz v. Wagner, 5 Cir., 240 F.2d 666, 669; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 128 F.2d 245, 247, 141 A.L.R. 565; Glens Falls Ins. Co. v. Cook Brothers Inc., D.C. S.D.Ind., 23 F.R.D. 269. There are similar holdings where there is intervention of right by an additional defendant possessing the same citizenship as the plaintiff, Texas & New Orleans R. Co. v. City of New Orleans, D.C.E.D.La., 22 F.R.D. 84, 88; Knapp v. Hankins, supra, at page 45 of 106 F.Supp.; Tatum v. Cardillo, supra, 11 F.R.D. 585; see Division 525 etc. v. Gorman, 8 Cir., 133 F.2d 273, 277; see United States to Use and for Benefit of Foster Wheeler Corp. v. American Surety Co. of New York, 2 Cir., 142 F.2d 726, 728, or where the person intervening of right comes in to file a complaint against a plaintiff of the same citizenship, Northeast Clackamas County Electric Coop. v. Continental Cas. Co., supra, at page 332 of 221 F.2d.

The law seems to be well phrased and formulated in 4 Moore's Federal Practice, Second Edition, where, upon a review of the cases and an examination of the various reasons cited by the courts for their conclusions, it is said, § 24.18, pp. 135–136:

> "Where the right to intervene is absolute no independent ground of federal jurisdiction need be shown to support the intervention. To hold otherwise would result in an emasculation of the right to intervene, for oftentimes an independent ground of jurisdiction would be lacking. Here intervention may properly be regarded as ancillary or auxiliary to the main proceeding and authorized in the cases specified in subdivision (a) of Rule 24."

and in summary on p. 139:

> "The cases dealing with the federal jurisdictional requirements for interveners are in a state of some confusion, and probably no rule can be stated which will cover all of them. It is possible, however, to state a rule which is in accordance with most of the cases, and which stems from the distinction already applied in other instances between the absolute and discretionary rights to intervene. That rule, as above indicated, is:

> "Intervention under an absolute right, or under a discretionary right in an *in rem* proceeding, need not be supported by grounds of jurisdiction independent of those supporting the original action. Intervention in an *in personam* action under a discretionary right must be supported by independent grounds of jurisdiction, except when the action is a class action."

This expression and formulation of the law has been looked upon with favor, State of Maryland, to Use of Carnesdale v. Rolen, D.C.D.Md., 124 F.Supp. 86, 87; Curtis v. American Book Co., D.C.S.D. N.Y., 137 F.Supp. 950, 951, and we approve it.

We recognize, of course, that courts must be on guard against the improper use of the intervention process. We are aware also that interveners normally are able to assert their interests in independent actions against the defendants. The procedural rules herein expressed are not to be taken advantage of where there is collusion or where the motion for leave to intervene is sham or is a mere device to acquire federal jurisdiction or to avoid state jurisdiction. Northeast Clackamas County Electric Coop. v. Continental Cas. Co., supra, at page 332 of 221 F.2d; Williams v. Keyes, supra, at page 209 of 125 F.2d; Gentry v. Hibernia Bank, D.C.N.D.Cal., 154 F. Supp. 62. The rules also are not to be distorted for the convenience of the parties, Kauffman v. Kebert, D.C.W.D.Pa., 16 F.R.D. 225, 228, dismissed 3 Cir., 219 F.2d 113, or to extend federal jurisdiction or venue, Rule 82, F.R.C.P.; Lesnik v. Public Industrials Corp., supra, at page 973 of 144 F.2d. The appellees here do allege, in their respective objections to the several motions for leave to intervene, that each motion "is an at-

tempt to bring an action in the United States District Court for the District of South Dakota of which it has no jurisdiction, and over which the State Courts of South Dakota have exclusive jurisdiction." This allegation, without more, is not enough to show sham, collusion, or a device which nullifies the application of the rule. Neither does the file here evidence sham, collusion or such a device.

We repeat again that for purposes of these motions, we have, in line with the authorities cited above, taken as true the averments of the complaints in intervention. Whether these allegations can be proved, and their legal effect if proved, are other matters not passed upon on this appeal.

The interveners are entitled to have their day in court and to have it in connection with the main action.

The district court's order of August 13, 1959, to the extent it denied the 3 appellants' respective motions for leave to intervene, is vacated and the district court is directed to grant the appellants leave to intervene.