**FRANK J. DELMONT AGENCY, INC., et al., Plaintiffs,**

v.

**Philip H. GRAFF et al., Defendants,**

**Homer A. Bonhiver, as Receiver of American Allied Insurance Company, a Minnesota corporation, Applicant for Intervention.**

**No. 3–70 Civ. 368.**

United States District Court, D. Minnesota, Third Division.

June 29, 1972.

Magistad & Noonan, by James E. Magistad, St. Paul, Minn., appeared for the plaintiffs.

Altman, Geraghty, Leonard & Mulally, by J. H. Geraghty, St. Paul, Minn., appeared for defendants.

Simon, Schneider & Marker, by Ralph S. Schneider, Minneapolis, Minn., appeared for applicant Bonhiver.

NEVILLE, District Judge.

The motion before the court raises the question as to whether the state court-appointed receiver of American Allied Insurance Company (Allied) has satisfied the mandatory prerequisites to enable him to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure in the above purported class action.

Plaintiffs, apparently all owned or controlled by one individual, were and are engaged generally in business as insurance agents and brokers, and are citizens of, and have their principal place of business in, the State of Minnesota. They purport to represent all Minnesota licensed insurance agents and brokers as a class who produced or wrote insurance contracts for Allied and who suffered a loss as the result of defendants' alleged negligence. Defendants are accountants and citizens and residents of the State of Illinois who were employed or retained by Allied.

Allied was adjudicated insolvent on August 4, 1965 in the Minnesota State District Court. Homer A. Bonhiver, the applicant for intervention here, was appointed receiver of Allied by a State court order, paragraphs one and five of which vest the receiver with the following powers:

"(1) By virtue of said appointment, said receiver is vested with the powers of a receiver of an insolvent insurance company under Minnesota Law and with title to all of the property, contracts and rights of action of the defendant.

. . .

(5) Said receiver is authorized and empowered to institute and prosecute in any Court or before any officer, department, commission or other tribunal, in his own name as receiver, or in the name of defendant, all such actions, proceedings or suits as he may deem necessary for the recovery or proper protection of the property of the defendant, and to appear in and defend all actions, proceedings or suits brought against him or the defendant in any such tribunal; and to intervene in any action in which the property of defendant is in dispute or in which the defendant or the receiver may claim an interest."

The complaint alleges that in July 1963 and for a period of some eighteen months thereafter the defendants performed certain accounting services for Allied, including the producing of an audit of the accounting records of Allied for the period ending August 31, 1964. The audit subsequently was presented to the Minnesota Commissioner of Insurance.

Plaintiffs contend, *inter alia*, that the audit was negligently prepared and did not contain an "accurate, complete and full disclosure of the financial situation" of Allied; that as a result, Allied was permitted by the Minnesota Insurance Commissioner to continue in business though in fact insolvent; that plaintiffs and the class of insurance agents and brokers purporting to bring this action were led to believe that the condition of Allied was sound and so continued to do business with it; that as a result plaintiffs were damaged in the loss of good will, earnings, premiums and premium reserves in the amount of $1,500,000. There is no allegation that prior to the insolvency of Allied in 1965 plaintiffs themselves ever saw the audit or relied on it except indirectly as above.

On October 16, 1970 the receiver, Bonhiver, sued these same defendants in the Minnesota State Court alleging negligence and carelessness as accountants in failing to protect the interests of Allied, of its creditors and policyholders, and of the general public. The complaint in the instant action was not filed until December 31, 1970.

An applicant to intervene as of right must show:

1) That he has an interest relating to the property or transaction which is the subject of the action,

2) That the disposition of the action may as a practical matter impair or impede his ability to protect that interest, and

3) The applicant's interest must be inadequately represented by the existing parties.

Exchange National Bank of Chicago v. Abramson, 45 F.R.D. 97, 102 (D.Minn. 1968). See also Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 699 (1967); Edmondson v. State of Nebraska ex rel. Meyer, 383 F.2d 123, 126 (8th Cir. 1967). The court is persuaded that the applicant has satisfied the three criteria.

Plaintiff's action against the defendant accountants in the instant case seeks damages of $1.5 million; applicant Bonhiver's State court action seeks damages of $1 million. The court is informed by counsel that the insurance policy written by St. Paul Fire and Marine, the accountants' professional malpractice insurance carrier, has limits of $50,000 and $100,000. The practical problem thus involves a race to judgment. If both parties have an interest in the fund (and the court does not now so decide) the first plaintiff to try the case, should it or they win, might effectively eliminate the fund to which the other party may look for payment, were it later to obtain a judgment. The court has no information as to the financial condition of the defendants as individuals.

The receiver as applicant for intervention contends that he has the exclusive right to assert all claims on behalf of Allied and its creditors including the plaintiffs in this case. The receiver bases his argument essentially on two grounds. First, that the Order in the state liquidation proceedings gave him the powers of a receiver of an insolvent insurance company under the Minnesota law, which include the power to:

"(13) Prosecute any action which may exist in behalf of the creditors, members, policyholders, or shareholders of the insurer against any officer of the insurer, or any other person.

. . . . . .

(19) Exercise and enforce all the rights, remedies, and powers of any creditor, shareholder, policyholder, or member, including any power to avoid any transfer or lien that may be given

by law and that is not included within sections 60B.30 and 60B.32."

See 60B.10, 60B.25 Minn.Stat. Second, the receiver alleges the existence of a written assignment from Frank J. Delmont individually to him as receiver of Allied which is broad enough to include plaintiffs' cause of action in the instant case. The receiver may or may not be correct in his contentions, a matter which this court does not believe it can decide in a summary manner on this motion and without the taking of evidence. The court does feel, however, that potentially the receiver, either under the insurance laws or by way of the written assignment, has sufficient standing and interest to satisfy criteria one and two above quoted.

■ The final question remaining is whether or not the receiver's interest would be adequately protected by Frank J. Delmont Agency, Inc. et al. It appears self evident that there would not be adequate representation of intervenor Bonhiver's obvious adverse interest. Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967). The inadequacy of representation need not be shown to a certainty. Kozak v. Wells, 278 F.2d 104 (8th Cir. 1960).

In ruling as it does the court holds that the following arguments of plaintiffs in opposition to intervention are without merit and not persuasive:

1. Plaintiffs' causes of action are separate and distinct from those of the applicant.

2. Applicant's pleadings do not allege that he is a member of the class for which this class action was instituted.

3. Applicant's intervention would be prejudicial to plaintiffs' case.

4. Applicant would not be bound by any decision of this court because of the state court action.

5. Intervention at this time must be denied for lack of timeliness.

For all of the above reasons, the court holds that the receiver of Allied, Bonhiver, should be granted leave to intervene in the present action and a separate order has been entered to this effect.