CORBY RECREATION, INC., Appellee,

v.

The GENERAL ELECTRIC COMPANY, a Foreign Corporation, Appellee,

v.

WESTERN REALTY CO., INC., Appellant.

No. 77–1789.

United States Court of Appeals, Eighth Circuit.

Submitted July 27, 1978.

Decided Aug. 2, 1978.

Patrick J. Kirby, Mitchell, S. D., Lloyd J. Mahan, Parkston, S. D., for appellant.

Stephen A. Krupp, Robins, Davis & Lyons, Minneapolis, Minn., and John E. Burke, Sioux Falls, S. D., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Western Realty Company appeals from the denial of its motion to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. The action in which it seeks to intervene was brought by Corby Recreation, Inc., against General Electric Company for damages caused by a fire in a building complex owned by Corby.

In its proposed complaint in intervention Western alleged that it was the owner of the building complex at the time of the fire and it had leased the complex to Corby. Western further alleged that property insurance coverage obtained by Corby in the amount of $200,000.00 was inadequate to cover its loss, and it was forced to sell the building to Corby for $80,000.00. It asserted the same tort and contract claims against General Electric as Corby had charged in its complaint and claimed $946,043.66 for damage to the realty and loss of rental income. It also sought monetary relief from Corby and other defendants for damages due to inadequate insurance coverage on the building.

 If timely application is made and three prerequisites are met, intervention pursuant to Rule 24(a)(2) must be allowed. The applicant must assert an interest in the subject matter of the primary litigation; it must appear that his interest will be impaired by the disposition of the suit; and his interest must not be adequately protected by existing parties. *Planned Parenthood v. Citizens for Community Action,* 558 F.2d 861, 869 (8th Cir. 1977); *Liddell v. Caldwell,* 546 F.2d 768, 770 (8th Cir. 1976), *cert. denied sub nom. St. Louis Board of Education v. Caldwell,* 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977). Corby argues that denial of intervention was proper because Western failed to identify its interest or prove that it had any interest in the building complex on the date that the main action was commenced. We disagree.[1]

---

1. Denial of an application to intervene as of right is appealable, and this court may reverse if it concludes that the applicant was entitled to intervene of right. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); *Railroad Trainmen v. B. & O. Ry. Co.,* 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); *Kozak v. Wells,* 278 F.2d 104 (8th Cir. 1960). *See also* C. Wright and A. Miller, 7A Federal Practice and Procedure § 1923 at 628 (1972).

The subject matter of the primary litigation is Corby's right to recover damages from General Electric for the destruction of a building complex by fire. While Western does not claim that it had a property interest in the building at the time the main action was commenced or has a present interest, it does assert a right of recovery for damages it incurred as owner at the time of the fire. According to its complaint, Western received $280,000.00 in insurance benefits and sale proceeds for a building worth $946,043.66 prior to the fire. When the well pleaded allegations of Western's complaint are accepted as true, *Kozak v. Wells,* 278 F.2d 104, 109 (8th Cir. 1960), it is evident that Western has asserted a "significantly protectable interest" in the primary litigation. *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

While it could be argued that Western would not be bond by a judgment entered in the main action, it could well be disadvantaged in a practical sense by the *stare decisis* effect of a determination on the issues of General Electric's liability for the fire damage and Corby's rights to recover the damages it claims. The potential disadvantage is increased by the fact that Corby appears to assert a claim, as the building owner, for damages in the amount of the difference between the values of the building before and after the fire. This claim is in direct competition with Western's claim for damages as owner of the building at the time of the fire. The inhibiting effect of *stare decisis,* coupled with assertion of an interest nearly identical to and perhaps in conflict with that alleged by Corby in the main action, furnishes the practical disadvantage required for intervention as of right. *Francis v. Chamber of Commerce of United States,* 481 F.2d 192, 195 n. 8 (4th Cir. 1973); *Nuesse v. Camp,* 128 U.S.App. D.C. 172, 180, 385 F.2d 694, 702 (1967); *Atlantis Development Corp. v. United States,* 379 F.2d 818, 829 (5th Cir. 1967); *Kozak v. Wells, supra,* 278 F.2d at 110.

Finally, Corby does not contend that it is willing or capable of representing Western's interest. Western and Corby assert seemingly conflicting damage claims, and Western alleges that Corby was negligent and breached its lease by underinsuring the property. Such adversity of interest meets the third, "minimal" requirement of showing that representation of the potential intervenor's interest may be inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).

Bearing in mind that any doubts are to be resolved in favor of the intervenor, *Kozak v. Wells, supra,* 278 F.2d at 112, we conclude that Western is entitled to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Accordingly, the order of the district court is reversed.