318 F.2d 485
 137 U.S.P.Q. 825
 FORMULABS, INCORPORATED, Clarence Schreur an Gordon S. Lacy,
Appellants,
v.
HARTLEY PEN COMPANY, Appellee, and E. I. DuPont de Nemours &
Company,Appellee.
HARTLEY PEN COMPANY, a California Corporation, doing
business as The HartleyCo., Petitioner,
v.
The Honorable William C. MATHES, Judge of the United States
District Court forthe Southern District of California,
Central Division, Respondent, E. I. DuPontde Nemours &
Company, a Delaware Corporation, and the Real Party in
Interest,Respondent, Formulabs, Incorporated, a California
Corporation; ClarenceSchreur, individually, Gordon S. Lacy,
individually, Pacific ResearchLaboratory, a partnership,
Respondents.
FORMULABS, INCORPORATED, a corporation, Clarence Schreur,
and Gordon S. Lacy, individuals doing business as
Pacific Research Laboratory, a
co-partnership, Appellants,
v.
HARTLEY PEN COMPANY, a corporation, doing business as The
Hartley Co., and E.I. DuPont de Nemours & Company,
a corporation, Appellees.
 Nos. 17741, 17799, 18180.
 United States Court of Appeals Ninth Circuit.
 May 29, 1963, Rehearings Denied in Nos. 17741 and 17799 July 6, 1963.
 
 William Douglas Sellers, Pasadena, Cal., for Formulabs.
 Owen A. Bartlett and A. V. Falcone, Los Angeles, Cal., for Hartley Pen Co.
 Lawler, Felix & Hall, and Robert Henigson, Los Angeles, Cal., for E. I. duPont deNemours & Co.
 Before BARNES, HAMLEY and JERTBERG, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 Since the above-entitled causes are to be disposed of in one opinion, a review of certain past proceedings in the District Court and in this Court may conduce to a better understanding of the problems presented in the various causes and place each party in proper focus.
 
 
 2
 The matters before us in the above causes are rooted in an action instituted by Hartley Pen Company against E. I. du Pont de Nemours & Companyb for damages for breach of warranty.
 
 
 3
 Hartley Pen Company is the petitioner in No. 17,799 and an appellee in No. 17,741 and No. 18,180. E. I. du Pont de Nemours & Company is a respondent in No. 17,799 and an appellee in No. 17,741 and No. 18,180. Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, etc., are appellants in No. 17,741 and No. 18,180 and respondents in No. 17,799. The Honorable William C. Mathes, Judge of the United States District Court for the Southern District of California, is a respondent in No. 17,799.
 
 
 4
 For convenience, Hartley Pen Company will be referred to as 'Hartley', E. I. du Pont de Nemours & Company as 'du Pont', Formulabs, Incorporated as 'Formulabs', the Honorable William C. Mathes as 'District Court', and Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, collectively, as 'Intervenors'.
 
 
 5
 Hartley manufactures ball point pens containing cartridges filled with ink made under a secret formula comprising a trade secret belonging to Intervenors. The use of secret formula by Hartley was under the terms of a written license agreement with Formulabs.[1]
 
 
 6
 The ink manufactured by Hartley and placed in the cartridges incorporated a dye purchased by Hartley from du Pont. In August 1953, du Pont sold to Hartley blue B dyes from Lots 36 and 37. The complaint filed by Hartley against du Pont alleges that the inks made by Hartley using dyes from Lots 36 and 37 proved to be defective and unmarketable. Hartley claims that it suffered general and special damages in large amounts as the proximate result of the alleged defective and unmarketable dye.
 
 
 7
 As part of its discovery proceedings, du Pont sought, by interrogatories, to learn Formulabs' secret formula used by Hartley in the formulation of the alleged defective ink using the alleged defective dye, Lots 36 and 37, as well as certain of Formulabs' secret test procedures which had been disclosed to Hartley.
 
 
 8
 Formulabs moved the District Court to intervene in the pending action between Hartley and du Pont on the ground that the property affected belonged to it and that its right of ownership would be seriously injured and destroyed by disclosure of the trade secrets. Formulabs' proposed cross-complaint prayed that Hartley be enjoined from disclosing such trade secrets. The District Court entered a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., denying Formulabs' petition for intervention. On appeal, this Court held that under the plain language of Rule 24(a)(3),[2] Formulabs had a right to intervene in the action, and reversed the order of the District Court denying intervention. Formulabs, Inc. v. Hartley Pen Company, et al., 275 F.2d 52 (9th Cir. 1960) cert. denied 363 U.S. 860, 80 S.Ct. 1600, 4 L.Ed.2d 1524.
 
 
 9
 On du Pont's motion for production and inspection, the District Court, the Honorable Benjamin Harrison now deceased, presiding, granted du Pont the right to inspect documents in Hartley's custody or under its control without protective provisions. It was conceded that such inspection would presumably disclose the secret formula and secret test procedures.
 
 
 10
 On petition of Hartley to this Court for an extraordinary writ, this Court ordered a writ of mandamus to issue to the District Court and the judges thereof, directing the setting aside of those portions of the orders made by the District Court which required disclosure of the secret formula and the secret testing procedures, without prejudice, however, to du Pont's right to thereafter initiate such discovery procedures as might be proper in an endeavor to establish that disclosure of the secret formula, of the secret testing procedures, or both, was or were relevant and necessary to the proper defense by du Pont of the damage action pending in the District Court. Hartley Pen Company v. United States District Court for the Southern District of California, Central Division et al., 287 F.2d 324 (9th Cir. 1961).
 
 
 11
 Following the return of the mandate of this Court to the District Court, du Pont initiated new discovery procedures against Hartley by way of interrogatories and requests for admissions, and by order signed January 10, 1962 and filed on January 11, 1962, Hartley was ordered over its objections to answer the interrogatories and requests for admissions and to do so on or before February 2, 1962.
 
 
 12
 It is not seriously questioned that the answers to the interrogatories and requests for admission will require the disclosure of the trade secrets. While the order contains protective measures devised by the District Court for the preservation of the trade secrets upon disclosure by Hartley to du Pont, and which measures appear to be as effective as may reasonably be devised, considering the purpose to be served, nevertheless, it is not seriously questioned that disclosure to du Pont portends general publication of the secrets during the course of future proceedings in the main action.
 
 
 13
 We granted leave to Hartley to file its petition for writ of prohibition and for writ of mandate, either or both in the alternative, and for other relief, and issued an order to show cause directed to the District Court, du Pont and Intervenors. This petition seeks to have set aside by this Court the order of the District Court signed January 10, 1962 and filed January 11, 1962. Such order has been stayed by this Court to the extent that Hartley is relieved of the obligation to make, and is enjoined from making, any disclosure to any third party of any trade secrets belonging to Intervenors pending the further order of this Court.
 
 
 14
 In substance, Hartley contends, for the reasons assigned in its petition, that the District Court was guilty of an abuse of discretion under the circumstances of the case in making and signing the disclosure order, and prays that an extraordinary writ be issued. This is the cause presented to us in No. 17,799.
 
 
 15
 We will now posture Cause No. 17,741. In doing so, we deem it unnecessary to review the efforts of Intervenors to intervene in the main action pending in the District Court between Hartley and du Pont by the filing of various pleadings in intervention. Suffice it to say that at a hearing held on July 31, 1961, the District Court in part stated:
 
 
 16
 'So the leave, Mr. Sellers (counsel for Intervenors) is to file a complaint in intervention joining the Hartley Pen Company, the plaintiff, in opposing the efforts of the defendant to compel disclosure of the secret formula.
 
 
 17
 'Now, the motion of Schreur and Lacy to intervene and join Formulabs is granted to that extent, and otherwise denied; to the extent, namely, that Schreur and Lacy may join with Formulabs in this complaint in intervention, asserting essentially the first cause of action asserted in the First Amended Pleading of the Intervenor filed July 17, 1961, with a prayer that the court not compel disclosure of the trade secrets and for all other proper relief, if you are so advised.'
 
 
 18
 On August 9, 1961, there was filed a new or amended complaint entitled 'Complaint in Intervention of Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy,' in purported accordance with permission given at the hearing held on July 31, 1961. On the same day the Intervenors filed their motion for preliminary injunction seeking to enjoin Hartley from making such disclosures. The new or amended complaint in intervention embraces one cause of action against Hartley and seeks to enjoin Hartley from disclosing the trade secrets contrary to the licensing agreement. (See footnote 1, supra.) No formal order was entered as a result of the July 31, 1961 hearing, until September 11, 1961, which order entered on the latter date was back-dated to July 31, 1961. On August 30, 1961 Hartley filed its motion to dismiss the complaint in intervention, and du Pont filed a similar motion on August 31, 1961. These motions were pending and undetermined on January 11, 1962 on which date there was filed the order signed by the District Court on January 10, 1962 wherein Hartley was ordered to answer the interrogatories and request for admissions filed by du Pont, which order is discussed above and which order Hartley seeks to have annulled by its petition for extraordinary writ in Cause No. 17,799. Intervenors have appealed to this Court from said order and said appeal forms the subject matter of Cause No. 17,741. Hartley and du Pont have separately moved this Court to dismiss the Intervenors' appeal on the ground that the order appealed from by the Intervenors is not a final, appealable order. The Intervenors concede that the order appealed from is not a final order as it relates to Hartley and du Pont, but contend that the effect of the order is tantamount to an order denying Intervenors the relief which they seek, i.e., to prevent Hartley from disclosing trade secrets. Intervenors urge us to accept the appeal as a petition for writ of mandamus, prohibition, or other writ for relief in event that we should conclude that the order appealed from is not an appealable order. This is the cause presented to us in No. 17,741.
 
 
 19
 Following submission to us for decision of Causes 17,799 and 17,741 and on July 11, 1962, we vacated the submission in both causes and remanded Cause No. 17,741 to the District Court with request that the District Court rule upon Intervenors' motion for preliminary injunction and du Pont's and Hartley's motions to dismiss the complaint in intervention. See 306 F.2d 148 (9th Cir. 1962). In such order we stated: 'In the event that the party or parties adversely affected by such ruling or rulings shall appeal from such ruling or rulings, such appeal or appeals shall be consolidated with the present appeal in Cause No. 17,741 and with the petition in Cause No. 17,799, and said Cause No. 17,741 and the new appeal or appeals shall be submitted to this Court, without further oral argument on the briefs on file, the present record on appeal supplemented by the record of proceedings had in the District Court upon remand, and supplemental opening, answering and reply briefs on the legal question or questions presented by such new appeal or appeals. If no appeal shall be taken from the ruling or rulings of the District Court on remand, such Cause No. 17,741 shall be resubmitted upon the expiration of the time provided for the taking of an appeal; and (b) to vacate the submission of Cause No. 17,799, the same to be deemed resubmitted without further oral argument on the present records and briefs upon resubmission of Cause No. 17,741.'
 
 
 20
 On remand of Cause No. 17,741 the District Court dismissed the Intervenors' complaint in intervention and denied Intervenors' motion for preliminary injunction. The order of the District Court denying the motion for preliminary injunction was signed on July 26, 1962, and entered by the Clerk on July 30, 1962. A copy of this order appears in Appendix I of this opinion. The order dismissing the Intervenors' complaint in intervention was signed by the District Court on July 26, 1962 and was entered by the clerk on July 30, 1962. A copy of this order appears in Appendix II to this opinion. The District Court's order for final judgment was signed on July 31, 1962 and entered by the clerk the following day. A copy of this order appears in Appendix III to this opinion. The order amending 'Order for Final Judgment' was signed by the District Court on August 6, 1962 and entered by the clerk on the same day. A copy of this order appears in Appendix IV to this opinion. The order modifying 'Order Amending July 31, 1962 'Order for Final Judgment' entered August 6, 1962' was signed by the District Judge August 10, 1962 and entered by the clerk on the same day. A copy of this order appears in Appendix V to this opinion.
 
 
 21
 On August 10, 1962 Intervenors filed their notice of appeal to this Court from the order of the District Court denying their motion for preliminary injunction and from the various orders dismissing the complaint in intervention.
 
 
 22
 Intervenors seek orders from this Court reversing the orders of the District Court last mentioned. This is the cause presented to us in No. 18,180.
 
 
 23
 Each of the causes was ordered submitted for decision on March 4, 1963.
 
 
 24
 While the three causes are so interrelated that no one of them can be fully and properly considered in isolation from the other two, nevertheless, we will endeavor to maintain the identity of each of the causes.
 
 
 25
 We will first discuss Cause No. 18,180. In Formulabs, Inc. v. Hartley Pen Company, et al., supra, we stated:
 
 
 26
 'Under its (Rule 24(a)(3) Federal Rules of Civil Procedure) plain language any person has the right to intervene if he is so situated as to be adversely affected by a distribution or other disposition of the property which is in the custody or subject to the control or disposition of the court. In our view, Formulabs is so situated. Admittedly it is the owner of the secret formula and secret testing procedures. They are being used by Hartley under a license agreement which forbids disclosure by Hartley. Admittedly Hartley has knowledge of the secret formula and the secret testing procedures. It is a party to the main action pending in the district court. It is subject to the jurisdiction of that court. Under such circumstances, the secret formula and secret testing procedures are subject to the control or disposition of the court. There can be no question that Formulabs will be adversely affected by an order of the court requiring publication of these trade secrets. As stated in Cincinnati Bell Foundry Co. v. Dodds, 1887, 19 Week.Law Bull. (84) 10 Ohio Dec.
 
 Reprint 154:
 
 27
 'The property in a trade secret is the power to make use of it to the exclusion of the world. If the world knows the process then the property disappears. There can be no property in a process, and no right of protection if knowledge of it is common to the world.'
 
 
 28
 'The fact that Formulabs may have the right to seek damages or an injunction against Hartley in the state court is in our view a completely inadequate remedy.
 
 
 29
 'We hold that under the plain language of Rule 24(a)(3) Formulabs had a right to intervene in the main action, and that the district court erred in denying its application.'
 
 
 30
 The District Court in the various orders (Appendices II to V) dismissing Intervenors' complaint in intervention:
 
 
 31
 (a) Entered a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.;
 
 
 32
 (b) Ordered that final judgment be entered dismissing the complaint in intervention for lack of jurisdiction over the subject matter as to all claims or causes of action asserted by Intervenors as against Hartley, arising out of any alleged contractual rights or obligations of Hartley and Intervenors inter sese, without leave to Intervenors to file an amended complaint in intervention asserting any such claims on the ground that the requisite diversity of citizenship does not exist and none of such claims arise or can arise under the Constitution or laws or treaties of the United States;
 
 
 33
 (c) Granted Intervenors the right to file an amended complaint by joining Hartley in opposing all efforts of du Pont to compel disclosure of any secret formula or trade secret in which Intervenors may have or claim a property right or other legally cognizable interest so that the Intervenors might, if so advised, participate in all future hearings and proceedings which may be had in the main action concerned with any disclosure of any such secret formula or trade secret;
 
 
 34
 (d) Denied Intervenors the right to file an amended complaint asserting any claim against Hartley arising out of any contract existing between Hartley and Intervenors.
 
 
 35
 The District Court recognized Intervenors' right to intervene but restricted Intervenors' intervention to joining Hartley in opposing all efforts of du Pont to compel disclosure of any secret formula or secret process or other trade secret, in which Intervenors might have or claim a property right or other legally cognizable interest, so that Intervenors may, if so advised, participate in all future hearings and proceedings which may be had in the action, concerned with any disclosure of such secret formula, or secret process, or other trade secret.
 
 
 36
 Intervenors predicate jurisdiction in the District Court over the subject matter of their complaint exclusively on Rule 24(a)(3) which grants, upon timely application therefor, the right to intervene in an action 'when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.'
 
 
 37
 In our consideration of the question before us we must assume that the essential and well-pleaded allegations contained in Intervenors' complaint are true. Kozak v. Wells, 278 F.2d 104, 84 A.L.R.2d 1400 (8th Cir. 1960). We are not now concerned with the ultimate results on the merits.
 
 In brief, Intervenors' complaint alleges:
 
 38
 (a) That Formulabs is a California corporation;
 
 
 39
 (b) That Schreur and Lacy are individuals, and residents of the State of California;
 
 
 40
 (c) That Hartley is a California corporation, and the plaintiff in the action pending against du Pont;(d) That the District Court has jurisdiction under the provisions of Rule 24(a)(3) Federal Rules of Civil Procedure, by virtue of the fact that trade secrets in which Intervenors have ownership rights are in the possession of Hartley and also in the custody and under control of the Court, and are in danger of unpermitted publication by Hartley under orders of the Court;
 
 
 41
 (e) That Intervenors' property rights are of a value, exclusive of interest and costs, in excess of $10,000.00;
 
 
 42
 (f) That prior to June 1952, Schreur and Lacy discovered a secret formula for ball pen ink, which formula is owned by Intervenors and at all times has been maintained as a trade secret;
 
 
 43
 (g) On June 10, 1952, Hartley was licensed to make ink using the formula and modifications thereof, under written agreement in which Hartley agreed it would not in any way or manner make known, divulge or communicate the secret of said formula to any person or persons;
 
 
 44
 (h) Subsequent to June 1952, and from time to time prior to the institution of the main action by Hartley, there was disclosed to Hartley various embodiments and modifications of the secret ink formula, in confidence, which were so received by Hartley, in each instance to maintain and protect the secret thereof and pay for the use thereof;
 
 
 45
 (i) In the main action du Pont seeks to learn and have disclosed to it, under the orders of the District Court, Intervenors' secret formula and its modifications used by Hartley in the manufacture of its ball pen ink;
 
 
 46
 (j) du Pont does not have such trade secrets and disclosures by Hartley to du Pont would comprise a breach of the licensing agreement and of its obligation to maintain and protect the secrecy of such confidential disclosures and each of them;
 
 
 47
 (k) The trade secret will be destroyed by publication and Intervenors will be irremediably damaged; and
 
 
 48
 (l) That Intervenors seek to have Hartley enjoined from a disclosure of their trade secrets.
 
 
 49
 The primary, if not the sole reasons for dismissal of the Intervenors' complaint are that the requisite diversity of citizenship does not exist, and that the complaint is not supported by an independent ground of Federal jurisdiction.
 
 
 50
 The law is well-settled that in cases where jurisdiction of the original action is founded upon diversity of citizenship, the citizenship of the Intervenor cannot oust the jurisdiction because of the established rule that diversity jurisdiction once attached cannot be ousted by subsequent change in the citizenship of parties. Wichita R. and Light Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124 (1922); Virginia Elec. & Power Co. v. Carolina Peanut Co., 186 F.2d 816, 32 A.L.R.2d 234 (4th Cir. 1951); Northeast Clackamas County Elec. Co-op v. Continental Cas. Co., 221 F.2d 329 (9th Cir. 1955); Kozak v. Wells, supra.
 
 
 51
 Must Intervenors' complaint be supported by an independent ground of federal jurisdiction, as held by the District Court?
 
 
 52
 Under the allegations contained in the Intervenors' Complaint, the Intervenors are the owners of certain trade secrets; they licensed Hartley to use them under an agreement forbidding disclosure in any manner to any person whomsoever; through an action instituted by Hartley against du Pont-- a stranger to Intervenors-- in the subject matter of which action Intervenors have no interest, the trade secrets are in the custody of the court or subject to its control and disposition; that in the action du Pont seeks disclosure of trade secrets under orders of the court; and that if published, the trade secrets will be destroyed to the irreparable damage of Intervenors.
 
 
 53
 The fears of Intervenors are not unfounded in view of the court's order for limited disclosure, which we have mentioned above. The license agreement contains no exception permitting or authorizing disclosure by Hartley even upon the valid order of a court of competent jurisdiction.
 
 
 54
 It appears clear under the above allegations that the Intervenors are so situated in respect to the main action as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court in such action.
 
 
 55
 In Formulabs, Inc., supra, we held that Formulabs had a right to intervene in the main action under Rule 24(a)(3). If a right to intervene exists under Rule 24(a), intervention is a matter of right. Kozak v. Wells, supra; International Mortgage & Investment Corp. v. Von Clemm, 301 F.2d 857 (2nd Cir. 1962). Intervenors are in that position.
 
 
 56
 We have been unable to find any controlling or persuasive decision bearing on the answer to the question under discussion when the problem is viewed in the context presented to us.
 
 
 57
 However, we find ourselves in agreement with the following statement appearing in 4 Moore's Federal Practice, 2nd Ed. 24.18, pp. 135-136:
 
 
 58
 'Where the right to intervene is absolute no independent ground of federal jurisdiction need be shown to support the intervention. To hold otherwise would result in an emasculation of the right to intervene, for oftentimes an independent ground of jurisdiction would be lacking. Here intervention may properly be regarded as ancillary or auxiliary to the main proceeding and authorized in the cases specified in subdivision (a) of Rule 24.'
 
 
 59
 Intervenors' complaint is to be regarded as ancillary or auxiliary to the main action and need not be supported by an independent ground of federal jurisdiction.
 
 
 60
 Since du Pont owes no duty to Intervenors and Intervenors assert no claim against du Pont, the practical necessities of the case compel Intervenors to assert their right in the trade secrets against Hartley, the only party to the main action who has knowledge of them-- which was gained in confidence under a covenant forbidding disclosure-- and to seek protection against disclosure by Hartley. In our view, Intervenors are entitled to do so.
 
 
 61
 The Intervenors are entitled to their day in court and to have it in connection with the main action. The judgment of dismissal of the complaint in intervention is reversed.
 
 
 62
 The order of the District Court denying Intervenors' motion for preliminary injunction is vacated and set aside, and on remand the said motion is to be reconsidered in the light of our holding that jurisdiction exists in the District Court over the subject matter of Intervenors' complaint.
 
 
 63
 Cause No. 17,741 requires no extensive discussion. Concededly the order appealed from is not a final order. For that reason the appeal in said cause is dismissed. We decline to treat the papers filed by Intervenors in connection with said appeal as a petition for an extraordinary writ, and the request to do so is denied.
 
 
 64
 In view of our disposition of Cause No. 18,180, and our orders made in connection therewith, we have concluded to defer decision on Cause No. 17,799 pending the disposition on remand, by the District Court, of Cause No. 18,180. The order of March 4, 1963 submitting Cause No. 17,799 for decision is vacated and set aside and shall remain unsubmitted until the further order of this Court.
 
 
 65
 Should the trial court determine, upon its own motion or that of any party, that the order under review in Cause No. 17,799 should be reconsidered by that court in the light of the further proceedings to be had in that court in Cause No. 18,180, and certifies the fact of such determination to this court, the petition in Cause No. 17,799 will be denied without prejudice and that cause will be remanded to the District Court for such further consideration.
 
 APPENDIX I
 
 66
 (Title of Cause Omitted)
 
 
 67
 INTERLOCUTORY FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING INTERVENORS' VENORS' MOTION FOR PRELIMINARY INJUNCTION.
 
 
 68
 The motion of Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy (hereinafter collectively called 'intervenors') for a preliminary injunction, filed herein on August 9, 1961, having been noticed for hearing on August 21, 1961, before the Honorable William C. Mathes, a Judge of the above entitled Court, and continued first on the Court's own motion to September 11, 1961, and then pursuant to stipulation of the parties and order of the Court to October 9, 1961, and thereafter continued on the Court's own motion to November 6, 1961, and then continued pursuant to stipulation of the parties and order of the Court to December 11, 1961, and on that date submitted for decision, and the Court being fully advised and having considered the intervenors' verified complaint in intervention and all the affidavits, pleadings, papers, records and files herein and having determined that intervenors are not entitled to a preliminary injunction, the Court makes its interlocutory findings of fact, conclusions of law and order as follows:
 
 Interlocutory Findings of Fact
 
 69
 1. Formulabs, Incorporated (hereinafter called 'Formulabs') is a corporation organized and existing under the laws of the State of California.
 
 
 70
 2. Clarence Schreur (hereinafter called 'Schreur') and Gordon S. Lacy (hereinafter called 'Lacy') are citizens of the State of California.
 
 
 71
 3. Plaintiff is a corporation organized and existing under the laws of the State of California.
 
 
 72
 4. Defendant is a corporation organized and existing under the laws of the State of Delaware.
 
 
 73
 5. Intervenors are the owners of a secret formula for the manufacture of ball pen ink originally divulged to plaintiff by Schreur and Lacy on or about September 12, 1952 pursuant to an agreement in writing made by and between Schreur, Lacy and plaintiff on or about June 10, 1952. Thereafter and prior to August of 1953, intervenors disclosed to plaintiff in confidence modifications to such secret formula (comprising the 'secret formulae' hereinafter referred to) for the manufacture of different colored ball pen inks.
 
 
 74
 6. Plaintiff commenced the manufacture of ball pen inks according to such secret formulae in October, 1952. Its first purchase of defendant's Blue B dye, one of the ingredients called for by such secret formulae, occurred on or about October 22, 1952.
 
 
 75
 7. In 1953, plaintiff experienced difficulty with ball pen ink of its manufacture which it attributed to Blue B dye from Lots 36 and 37 of defendant's manufacture and for which it seeks damages from defendant by this action (the 'main action').
 
 
 76
 8. Thereafter and in 1954 the intervenors developed and disclosed to plaintiff in confidence secret ink testing procedures.
 
 
 77
 9. As a result of discovery proceedings initiated herein by defendant, this Court by its minute order of December 16, 1957, required disclosure without limitation of the secret formulae and secret ink testing procedures. Thereafter Formulabs sought to intervene herein in order to protect its proprietary rights in such secrets, and established its right so to do by decision of the Court of Appeals for the Ninth Circuit (hereinafter called the 'Court of Appeals') rendered February 15, 1960.
 
 
 78
 10. Following the return of the mandate of the Court of Appeals to this Court (filed herein on March 23, 1961) directing the setting aside of those portions of the orders of this Court which required disclosure of the secret formulae and secret testing procedures, defendant initiated new discovery procedures agreeably with that mandate directed to discovery of the secret formulae and processing techniques used by plaintiff in the manufacture of ball pen ink in 1953 incorporating Blue B dye of defendant's manufacture. Formulabs, joined by Schreur and Lacy, intervened and resisted those efforts of defendant (the 'ancillary action').
 
 
 79
 11. At no time since the return of the aforesaid mandate has defendant sought or threatened to initiate discovery directed to disclosure of any part or portion of the secret ink testing procedures and no such effort on its part appears imminent or likely.
 
 
 80
 12. On January 10, 1962 this Court made its findings of fact, in the proceedings to show good cause for disclosure of the secret formulae and processing techniques, that such disclosure, on the showing made and over the opposition of the intervenors, was both relevant and necessary to the proper defense by defendant of this action, and such findings as embodied in the order of this Court made January 10 and filed herein on January 11, 1962 (hereinafter called the 'order of limited disclosure') are reaffirmed and incorporated herein by reference as though set out herein in full.
 
 
 81
 13. Pursuant to the protective provisions of the order of limited disclosure, access to the secrets disclosed is limited to designated agents of defendant not exceeding five in number who are permanently enjoined from revealing any part or portion of such secrets or any facts reasonably calculated to lead to their revelation, except in so far as disclosure to defendant may reasonably be required during trial of this action under such protective measures as the Court may from time to time adopt in order to protect those secrets from public or other undue disclosure.
 
 
 82
 14. Defendant is not and has not at any time been a trade competitor of either plaintiff in the business of manufacturing ball pen inks, or of intervenors in the business of devising and improving and licensing for profit ball pen ink formulae, processing techniques and ink testing procedures.
 
 Conclusions of Law
 
 83
 1. Jurisdiction of the main action is founded upon diversity of citizenship between plaintiff and defendant and an amount in controversy which exceeds, exclusive of interest and costs, the sum of $10,000.00.
 
 
 84
 2. Jurisdiction of the ancillary action commenced by the intervenors is founded upon its proprietary interest in the ball pen ink formulae and testing procedures which are subject to the control or disposition of this Court, and which were threatened at the time of the intervention by the possibility that an order of this Court requiring publication of those secrets without limitation might be made.
 
 
 85
 3. The issue of defendant's right to disclosure of the secret formulae is not a contest confined to plaintiff and defendant alone but necessarily involves the proprietary rights of the intervenors. The issue of the intervenors' right to enjoin plaintiff from disclosing the secret formulae is not a contest confined to intervenors and plaintiff alone but necessarily involves the interest of defendant in achieving the procedural due process to which every litigant is entitled.
 
 
 86
 4. This Court has no jurisdiction to litigate the contractual rights and obligations of plaintiff and intervenors inter sese, inasmuch as the requisite diversity of citizenship between plaintiff and intervenors does not exist and there is presented no question arising under the Constitution or laws or treaties of the United States.
 
 
 87
 5. On the showing of good cause for disclosure of the secret formulae made by defendant over the opposition of both plaintiff and intervenors, defendant's interest in procedural due process, viz., in being enabled properly to prepare its defense by disclosure of the secret formulae and processing techniques, transcends any proprietary rights of the intervenors in this action.
 
 
 88
 6. Under the conditions of safeguard incorporated in the order of limited disclosure, no general publication of the secret formulae and processing techniques will be made and no irreparable injury done to intervenors.
 
 
 89
 7. The intervenors are neither entitled to the injunctive relief for which they pray nor at this time to any injunctive relief other than that already embodied in this Court's order of limited disclosure.
 
 
 90
 In accordance with the foregoing interlocutory findings of fact and conclusions of law, It Is Ordered, Adjudged and Decreed that the motion of intervenors for a preliminary injunction be and the same hereby is denied.
 
 
 91
 Dated: July 26, 1962.
 
 
 92
 (s) Wm. C. Mathes Judge of the District Court
 
 APPENDIX II
 
 93
 (Title of Cause Omitted)
 
 ORDER DISMISSING COMPLAINT IN INTERVENTION
 
 94
 The motion of defendant filed herein on August 31, 1961 to dismiss the complaint in intervention of Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy (hereinafter collectively called 'intervenors') filed herein on August 9, 1961 having come on for hearing on September 11, 1961 before the above-entitled Court, the Honorable William C. Mathes, Judge Presiding, notice of the hearing of such motion having been duly given, plaintiff appearing by Owen A. Bartlett, Esq., and A. V. Falcone, Esq., the intervenors appearing by William D. Sellers, Esq., and Messrs. Lawler, Felix & Hall, by Robert Henigson, Esq., appearing for defendant, and such motion having been duly and regularly argued and thereupon continued on the Court's own motion to November 6, 1961 and thereafter continued pursuant to stipulation of the parties and order of the Court to December 11, 1961 and on that date having been submitted for decision, and the motion of plaintiff filed herein on August 30, 1961 to dismiss said complaint in intervention having been noticed for hearing on October 9, 1961, and continued on the Court's own motion to November 6, 1961, and thereafter continued pursuant to stipulation of the parties and order of the Court to December 11, 1961 and on that date having been submitted for decision, and the Court having by its order of limited disclosure made on January 10 and filed herein on January 11, 1962 over-ruled over the intervenors' opposition the objections made to defendant's additional interrogatories and requests for admissions directed to disclosure of the secret formulae and processing techniques used by plaintiff in making ball pen ink in 1953, and having by that order prescribed the safeguards designed to assure the continued secrecy of such formulae and processing techniques and having permanently enjoined those designated agents of the defendant not exceeding five in number who shall have access to the answers to such additional interrogatories and requests for admissions from revealing any part or portion of the secret formulae or processing techniques disclosed by such answers or any facts reasonably calculated to lead to their revelation, except in so far as disclosure by defendant may reasonably be required during trial of this action under such protective measures as the Court may from time to time adopt in order to protect those secrets from public or other undue disclosure.
 
 
 95
 It is Hereby Ordered that the motions of defendant and of plaintiff to dismiss said complaint in intervention are granted with leave to intervenors, or any one or more of them, to serve and file an amended complaint in intervention herein, within twenty days after service upon them of a copy of this order, such amended complaint to be in conformity with this Court's order of July 31, 1961; and by such amended complaint intervenors may not assert any claim against plaintiff arising out of any contract between plaintiff and intervenors, but may join plaintiff in opposing all efforts to compel disclosure of any secret formula or secret process or other trade secret in which intervenors may have or claim a property right or other legally cognizable interest, so that intervenors may, if so advised, participate in all future hearings and proceedings which may be had in this action concerned with any disclosure of any such secret formula or secret process or other trade secret.
 
 
 96
 It Is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the parties appearing in this cause.
 
 
 97
 July 26, 1962.
 
 
 98
 (s) Wm. C. Mathes United States District Judge.
 
 APPENDIX III
 
 99
 (Title of Cause Omitted)
 
 ORDER FOR FINAL JUDGMENT
 
 100
 This Court having granted the motions of defendant and plaintiff to dismiss the complaint in intervention by its Order dated and filed July 26, 1962, granting leave to intervenors to file an amended complaint joining plaintiff in opposing the efforts of the defendant du Pont de Nemours & Company to obtain disclosure of intervenors' alleged trade secrets; and
 
 
 101
 The Court of Appeals for the Ninth Circuit by its opinion and Order dated July 11, 1962, having vacated the submission in intervenors' appeal and having remanded the cause to this Court for disposition of the intervenors' motion for a preliminary injunction and the motions of du Pont and Hartley to dismiss the complaint in intervention; and said Court of Appeals in said opinion stating:
 
 
 102
 'In the event that the party or parties adversely affected by such ruling or rulings shall appeal from such ruling or rulings, such appeal or appeals shall be consolidated with the present appeal in Cause No. 17741 and with the petition in Cause No. 17799'; and
 
 
 103
 In order to expedite the submission to the Court of Appeals of the jurisdictional questions involved in the dismissal of intervenors' complaint filed August 9, 1961, in accordance with its request and suggestion; and it appearing to the Court that there is no just reason for delay in entering final judgment on the dismissal of the claims for relief asserted by intervenors Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, dba Pacific Research Laboratory against the plaintiff, it is, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,
 
 
 104
 Ordered that final judgment be entered herein dismissing the complaint in intervention of Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, for lack of jurisdiction over the subject matter, as to all claims or causes of action asserted, or sought to be asserted, by intervenors as against plaintiff in this action, arising out of any alleged contractual rights or obligations of plaintiff and intervenors inter sese, or otherwise arising under State law, without leave to intervenors to file an amended complaint in intervention asserting any such claims, upon the ground that the requisite diversity of citizenship does not exist and none such claims arise or can arise under the Constitution or laws or treaties of the United States.
 
 
 105
 It Is Further Ordered that this dismissal shall not operate as an adjudication upon the merits as to any claim or cause of action intervenors may have against plaintiff arising from contract or otherwise under State law. (Fed.R.Civ.P. 41(a), 28 U.S.C.A.)
 
 
 106
 July 31, 1962.
 
 
 107
 (s) Wm. C. Mathes United States District Judge.
 
 APPENDIX IV
 
 108
 (Title of Cause Omitted)
 
 
 109
 ORDER AMENDING JULY 31, 1962 'ORDER FOR FINAL JUDGMENT'
 
 
 110
 Plaintiff's motion, filed August 3, 1962, to amend the 'Order for Final Judgment' entered July 31, 1962, is hereby granted, and said 'Order for Final Judgment' is hereby amended by adding, at the foot or end thereof, the following paragraph:
 
 
 111
 'It Is Further Ordered that leave is hereby granted to intervenors, or any one or more of them, to serve and file an amended complaint in intervention herein, within twenty days after service upon them of a copy of this order, such amended complaint to be in conformity with this Court's order of July 31, 1961; and by such amended complaint intervenors may not assert any claim against plaintiff arising out of any contract between plaintiff and intervenors, but may join plaintiff in opposing all efforts to compel disclosure of any secret formula or secret process or other trade secret in which intervenors may have or claim a property right or other legally cognizable interest, so that intervenors may, if so advised, participate in all future hearings and proceedings which may be had in this action concerned with any disclosure of any such secret formula or secret process or other trade secret.'
 
 
 112
 It Is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the parties appearing in this cause.
 
 
 113
 August 6, 1962.
 
 
 114
 (s) Wm. C. Mathes United States District Judge.
 
 APPENDIX V
 
 115
 (Title of Cause Omitted)
 
 
 116
 STIPULATION AND ORDER MODIFYING 'ORDER AMENDING JULY 31, 1962 'ORDER FOR FINAL JUDGMENT" ENTERED AUGUST 6, 1962
 
 
 117
 Intervenors Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, dba Pacific Research Laboratory, plaintiff Hartley Pen Company, adb The Hartley Co., and defendant E. I. du Pont de Nemours & Company, acting through their respective counsel, and the Honorable Court consenting, hereby stipulate that the 'Order Amending July 31, 1962 'Order for Final Judgment" entered August 6, 1962, shall be maended and revised to read as follows:
 
 
 118
 'Plaintiff's motion, filed August 3, 1962, to amend the 'Order for Final Judgment' entered July 31, 1962, is hereby granted, and said 'Order for Final Judgment' is hereby amended by adding, at the foot or end thereof, the following paragraph:
 
 
 119
 'It Is Further Ordered that leave is hereby granted to intervenors, or any one or more of them, to serve and file an amended complaint in intervention herein, within twnety days after the return to the District Court of the mandate from the Court of Appeals in the intervenors' appeal presently pending there, such amended complaint to be in conformity with this Court's order of July 31, 1961; and by such amended complaint intervenors may not assert any claim against plaintiff arising out of any contract between plaintiff and intervenors, but may join plaintiff in opposing all efforts to compel disclosure of any secret formula or secret process or other trade secret in which intervenors may have or claim a property right or other legally cognizable interest, so that the intervenors may, if so advised, participate in all future hearings and proceedings which may be had in this action concerned with any disclosure of any such secret formula or secret process or other trade secret.'
 
 
 120
 DATED: August 9, 1962.
 
 
 121
 (s) W. D. Sellers W. D. Sellers Attorney for Intervenors Formulabs, Incorporated, Clarence Schreur and Gordon S. Lacy, dba Pacific Research Laboratory. OWEN A. BARTLETT A. V. FALCONE By (s) A. V. Falcone Attorneys for Plaintiff Hartley Pen Company LAWLER, FELIX & HALL JOHN M. HALL ROBERT HENIGSON By (s) Robert Henigson Attorneys for Defendant E. I. duPont de Nemours & Company
 
 
 122
 APPROVED AND SO ORDERED.
 
 
 123
 (s) Wm C Mathes
 
 United States District Judge
 Date: August 10, 1962
 
 
 [1]
 The license agreement states that Formulabs is the owner of a secret formula for making ball point ink which Hartley, engaged in the manufacture of ball point pens, desired to use in the manufacture of ink. Under the license agreement Hartley agreed, among other things, that it would not 'in any way or manner make known, divulge or communicate the secret of said formula to any person or persons whomsoever, and will take all reasonable precaution against the secret of said formula being learned or acquired by any unauthorized person or persons.'
 
 
 [2]
 Rule 24 of the Federal Rules of Civil Procedure, in pertinent part, provides: '(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) * * *; or (2) * * *; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.' As amended Dec. 27, 1946, eff. March 19, 1948