Pee. Curiam:
The construction of the lock and impounding of the water submerged about 1 acre of land, and was a “taking” thereof by the defendants, Lynah’s case, 188 U. S., 445, 468. Its value was $100. The claimant owned the land at the time of the taking, but subsequently sold and conveyed his land to a third party, describing it in his deed to that party by metes and bounds, which included his remaining land, and that which had been submerged and taken as well. The claimant’s grantee is not before the court, and the question is whether the claimant, in view of his conveyance, can maintain his action for the taking by defendants prior to his con *224 veyance. Where the action is for the entire damages the suit should be brought in the name of the owner at the time of the taking and not by his grantee, Birmingham Belt R. R. Co. v. Lockwood, 150 Ala., 610; 2 Lewis, Em. Dom., 3d ed., sec. 949, as the deed did not assign the cause of action. However, we have refused to give judgment in this class of cases until a duly executed deed is filed sufficient to vest title to the premises in the United States, and duly approved by the Attorney General or. Treasury Department. A reasonable time will be given for compliance with this rule, and in the meantime judgment will be suspended and the cause remanded to the general docket, and it is so ordered.