**G. T. VROMAN and Veta B. Vroman**

v.

**UNITED STATES.**

No. 396–57.

United States Court of Claims.

Oct. 7, 1959.

Walker W. Downs, La Verne, Cal., for plaintiff.

Herbert Pittle, Washington, D. C., with whom was Asst. Atty. Gen. Perry W. Morton, for defendant.

FAHY, Circuit Judge, sitting by designation.

This is an action by a wife and her husband for just compensation claimed

to be due by the United States for the taking of avigation easements over their land, consisting of two contiguous twenty acre tracts, referred to as the East and West tracts.[1] The land lies directly across a highway from the northeast-southwest runway of a military airfield in Yuma County, Arizona, operated by the United States Air Force.

Defendant acquiesces in the Commissioner's finding and conclusion that an avigation easement was taken over the East tract and that plaintiffs are entitled to compensation therefor. The subject of the amount due is discussed at the end of this opinion.

As to the West tract defendant, contrary to the views of the Commissioner, disputes plaintiffs' right to recovery, even assuming an avigation easement was taken over that tract as well. Defendant's position is that when plaintiffs acquired the claim for compensation arising out of the taking of this easement the six years statute of limitations, 28 U.S.C. § 2501 (Supp. V, 1958), had run against the claim, depriving this court of jurisdiction under settled law. Berry v. United States, 126 F.Supp. 190, 192, 130 Ct.Cl. 33, 35. Notwithstanding the equities in favor of plaintiffs, pointed out by the Commissioner, we are obliged to sustain the position of the defendant regarding the West tract for the reasons now explained.

The Commissioner concluded that defendant's jet aircraft first started flying from the reactivated airfield in September 1951 with intent to continue to fly over the land at will, and that accordingly the taking then occurred. Plaintiffs contend the taking occurred in November 1951. The difference in these dates, insofar as the question of limitations is concerned, is immaterial; for plaintiffs did not acquire any claim for compensation for the taking within a period of six years from November 1951. The tract had been acquired on Decem-

ber 20, 1929, by Moses and Priscilla Belsley, the parents of plaintiff Veta B. Vroman. On November 19, 1954, Priscilla died intestate and her interests passed to Moses by operation of law. On January 25, 1955, Moses, then about 83 years of age, executed a deed of the tract to his daughter, plaintiff Veta B. Vroman. The deed was duly recorded. The facts indicate that this conveyance might have been one of convenience only, for until Moses died December 30, 1957, the daughter, although holding record title, really managed the land for her father. She began to exercise the full rights of owner only when he died leaving her as his sole heir and testamentary devisee and legatee. But even were she the real owner by reason of the 1955 deed, plaintiffs' case would not be helped; for the deed did not carry with it a claim or right of action for compensation for the taking which occurred while the tract was owned by her mother and father. As the Commissioner correctly ruled, the interest in the claim "was a chose in action separate and apart from the ownership of that parcel of land. United States v. Dow, [357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109] * * * ; Ferrell v. United States, 49 Ct.Cl. 222, 224 (1914); see Highland Park, Inc. v. United States, 161 F.Supp. 597, 600 (Ct.Cl., 1958)." Plaintiffs' claim for compensation for the taking of the easement over the West tract must accordingly be dismissed. This is so notwithstanding plaintiffs filed their action in this court in August 1957, within six years of the taking; for at that time they had no right of action and acquired none over which this court can assume jurisdiction when the father died more than six years after the United States took the easement during the time of the ownership of the land by him and his wife Priscilla. Berry v. United States, supra.

Plaintiffs are entitled to recover for the taking by the United States of an avigation easement over the East tract

---

1. Specifically, the SW¼SE¼, the 40 acre tract, consists of the E½SW¼SE¼, the East tract, and the W½SW¼SE¼,

the West tract, of sec. 2, T. 9 S., R. 23 W., Gila and Salt River meridian.

of their land just compensation in the amount of $2,500.00, with interest thereon at four percent per annum from September 1, 1951 to date of payment as part of just compensation, and judgment will be entered to that effect.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.