Sally Saunders **TOLES**, Elyse Saunders Patterson and Sue Saunders Graham, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 8599.

United States Court of Appeals Tenth Circuit.

Jan. 11, 1967.

Kenneth L. Harrigan, Albuquerque, N. M. (Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., with him on the brief), for appellants.

Robert M. Perry, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., John F. Quinn, Jr., U. S. Atty., John A. Babington, Asst. U. S. Atty., Roger P. Marquis and Edmund B. Clark, Attys., Dept. of Justice, with him on the brief), for appellee.

Before LEWIS and ALDRICH*, Circuit Judges, and STANLEY, District Judge.

ALDRICH, Circuit Judge.

Some time prior to September, 1961 the government without prior permis-sion, entered upon certain privately-owned lands in New Mexico, hereinafter termed the locus, and laid an under-ground cable. The work apparently left the surface of the locus in some disarray. In December, 1961 and January, 1962 appellants acquired the locus by warranty deeds which made no reference to this taking. In 1964 the government filed the present complaint to confirm the taking and to determine just compensa-tion. It paid into court the sum of $6,000. Appellants were named as de-fendants. Thereafter, the dates of ap-pellants' deeds having been discovered by the government, it moved to dismiss as against them and to name as defend-ants appellants' grantors. This was done. When appellants found themselves dismissed they moved to intervene, pur-suant to Fed.R.Civ.P. 24(a) (2) and (3). They also moved to make an attachment of the funds, and for certain other sup-plementary relief. On the government's motion all of appellants' motions were de-nied, and the grantors and the govern-ment having agreed between themselves that just compensation for the taking was $3,429, said sum was ordered to be paid by the clerk of court to the grantors. This appeal followed.

In their motion to intervene appellants made two contentions. The subsection (2) ground was that although, concededly, the taking occurred in 1961 and not in 1964, United States v. Dow, 1958, 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed. 2d 1109, appellants had an interest in seeing that their grantors prosecuted the claim for compensation with vigor. This is precisely contrary to both the decision in Dow and the purpose of the so-called anti-assignment act.[1] These factors, which prevented recognition of their asserted rights and required the

* By designation

1. "All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, or-ders, or other authorities for receiving payment of any such claim, or of any part or share thereof, except as hereinafter provided, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof." 31 U.S.C. § 203.

dismissal of appellants as defendants, equally foreclosed their readmission as intervenors for the purpose of complicating, or hampering, the government's conduct of the condemnation proceeding. See Martin v. National Surety Co., 1937, 300 U.S. 588, 594, 57 S.Ct. 531, 81 L.Ed. 822. While appellants may well have desired that their grantors recover as much as possible from the government, subsection (2)'s allowance of intervention for the purpose of bolstering inadequate representation is restricted to cases where the proposed intervenor has an "interest," which means a specific legal or equitable interest in the chose. Trager v. Hiebert Contracting Co., 1 Cir., 1964, 339 F.2d 530. As against the government appellants, because of the anti-assignment act, had none.

■ The question with relation to Fed.R.Civ.P. 24(a) (3) is more complex. The anti-assignment act, in spite of its extreme language, does not render the assignment void as between the parties. Segal v. Rochelle, 1966, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428. Had the grantors assigned to appellants their right, title and interest in the condemnation award, very possibly the fund in the possession of the court would have supported dependent jurisdiction. United States v. Certain Lands, S.D.N.Y., 1943, 49 F.Supp. 962; cf. Hoffman v. McClelland, 1924, 264 U.S. 552, 558, 44 S.Ct. 407, 68 L.Ed. 845; Natural Gas Pipeline Co. of America v. Federal Power Commission, 7 Cir., 1942, 128 F.2d 481. The petition to intervene does not show any such assignment. It asserts, "By reason of their contract with their predecessors in interest, and the Warranty Deed conveying such land to them, [appellants] * * * are entitled, in law and equity, to the proceeds of any condemnation award granted herein."

The alleged contract is not of record, but the warranty deed is. Appellants cannot rely upon a legal characterization of some unidentified contract, the terms of which are not set forth. Their position must, therefore, depend upon the warranty deed. In fact, in their brief before us, only the deed is referred to.

■ A deed which makes no reference to a condemnation award is not an assignment of the award as such. Vroman v. United States, Ct.Cl., 1959, 177 F. Supp. 257. The inclusion of a warranty doubtless gives rise to an action for damages for breach, but cannot of itself be construed as an assignment. The award was not a chose in which appellants had an interest, nor either the actual or even the theoretical measure of damages, as appellants seem to assert.[2]

■■ Intervention under subsection (3) with respect to a fund presupposes a legal or equitable interest therein. Kaufman v. Societe Internationale, 1951, 88 U.S.App.D.C. 296, 188 F.2d 1017, rev'd on other grounds, 343 U.S. 156, 72 S.Ct 611, 96 L.Ed. 853; Plitt v. Stonebraker, 1952, 90 U.S.App.D.C. 256, 195 F.2d 39. As we have pointed out above, where claims are made against a fund as such it may provide in rem or quasi in rem jurisdiction. A collateral attachment, however, is "but an incident to a suit." Big Vein Coal Co. of West Virginia v. Read, 1913, 229 U.S. 31, 38, 33 S.Ct. 694, 696, 57 L.Ed. 1053; Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624. Appellants' claim against their grantors was not dependent upon the original proceedings. As an independent claim the court lacked jurisdiction as there was not complete diversity between the parties. Appellants' motions were correctly denied.

Affirmed.

2. If the grantors settled with the government for too little, this would not be res judicata against appellants. On the other hand, the award presumably encompassed damages incurred prior to the sale to appellants, which would have no relation to the warranty.