**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN SPACE IN the PROPERTY KNOWN AS the CHIMES BUILDING, SYRACUSE, ONONDAGA COUNTY, STATE OF NEW YORK, et al., Defendants.**

No. 66–CV–483.

United States District Court,
N. D. New York.

Dec. 8, 1969.

James M. Sullivan, Jr., U. S. Atty., Syracuse, N. Y., for plaintiff; Samuel T. Betts III, Asst. U. S. Atty., of counsel.

Adolph H. Huttar, Syracuse, N. Y., for defendant SID; Nottingham, Carroll, Paltz, Coughlin & Conan, Syracuse, N. Y., of counsel.

Hancock, Ryan, Shove & Hust, Syracuse, N. Y., for defendant CIC; Howard B. Helf, Syracuse, N. Y., of counsel.

Melvin & Melvin, Syracuse, N. Y., for defendant Equitable Life Assurance Society of the United States; Domenic A. Mazza, Syracuse, N. Y., of counsel.

PORT, District Judge.

### Memorandum-Decision and Order

City Investing Company (hereafter "CIC"), claiming to be entitled to the entire amount of the award in the above-entitled condemnation action, has moved to fix the total just compensation at the sum of $178,700.00,[1] and for a de-

---

1. By a stipulation dated September 30, 1968, between CIC and the United States, it was stipulated and agreed: (1) that CIC appeared in the action and consented to be joined as a party defendant, and

(2) that the total just compensation to be paid by the United States for the taking of the rights and interests in the Chimes Building, is the sum of $178,700, which sum includes interest, restoration damages and compensation for all other damages or claims for damages arising out of or by reason of said taking, and

(3) that the sum of $140,891.65, previously withdrawn from this court and paid to the Receiver pursuant to the orders of this court, is to be credited against the just compensation stipulated, leaving a balance of $37,808.35 to be paid by the condemnor United States.

termination that said amount be awarded to itself and to the exclusion of all other claimants. While not designated as such, the motion will be treated as one for summary judgment; for the reasons hereinafter stated, summary judgment is granted for the relief requested.

CIC bases its claim to the entire award to the exclusion of all others, on an assignment from Southeastern Industrial District (hereafter "SID"). The right of CIC to the entire award, and to stipulate its amount, is contested by SID, the owners of the subject premises at the time the Declaration of Taking, the Complaint in Condemnation, and the Order awarding possession to the United States were filed.

The facts in this case may be set forth as follows:

The Declaration of Taking and the Complaint in Condemnation in this action were filed on December 29, 1966, and $76,850.00 was deposited in the Court for estimated just compensation. The estate sought to be condemned was "the right to use and occupy" *certain portions* of the Chimes Building for:

a term commencing January 1, 1967, and ending June 30, 1967, with the Government having the right to extend the said use and occupancy of said property for six (6) months to December 31, 1967, upon thirty (30) days prior written notice to the owners, and with the Government having the right to terminate at any time upon giving thirty (30) days prior written notice to the owners, and with the right to make alterations, additions and improvements and with the right in the United States to remove within a reasonable time after expiration of said initial term or any extension thereof or any earlier effective date of termination, any and all improvements and structures placed therein or thereon by or for the United States during its use and occupancy of the property under said initial

term or any extended term. Complaint in Condemnation, Schedule "A", page 3.

On December 29, 1966, the Court granted an Order of Possession to the United States as of January 1, 1967, on which date SID was the owner of the property.

On March 30, 1967, CIC commenced a state court foreclosure action, to foreclose certain mortgages that it held upon the said Chimes Building. The New York State Supreme Court for Onondaga County (Mead, J.) granted an Order on March, 31, 1967 appointing a Receiver for the benefit of CIC to receive all rents and profits then due or to become due, pending the foreclosure action.

On July 5, 1967, this Court granted leave to the Receiver to intervene in this proceeding and be made a party defendant, and ordered payment to the Receiver of the sum of $76,850 on deposit, to be credited against the sum fixed and determined by final order and judgment of this Court as just compensation for the taking of the property.

On May 26, 1967, the United States elected to renew its leasehold on portions of the Chimes Building for an additional 6 months from July 1, 1967 to Dec. 31, 1967, and on June 14, 1967 deposited the sum of $76,850 in the Court, which represented the estimated compensation for the right to use and occupy for the additional period.

A stipulation was entered into on October 16, 1937 among the United States, the Receiver, SID, and the Equitable Life Assurance Society of the United States (hereafter "Equitable"), to the effect that (1) the United States continue to occupy the premises until November 30, 1967 (instead of the period previously elected by the plaintiff), and that (2) an order should be entered directing the Clerk to pay the Receiver, out of the $76,850 deposited in the Court, the sum of $64,041.65 as rental for the period of July 1, 1967 to Novem-

ber 30, 1967, said sum to be credited against the just compensation to be fixed.[2] Based on the stipulation, an Order dated and entered October 18, 1968 directed payment of $64,041.65 to the Receiver, said sum to be applied against just compensation.

Pursuant to an agreement between SID and CIC, CIC accepted a deed to the Chimes Building from SID, recorded October 17, 1967, in lieu of foreclosure. As part of the transaction, CIC paid $10,000.00 to SID, and SID, "for the purpose of affecting a transfer to City Investing Company of all our right, title and interest in and to [Chimes Building], including all the rents due and to become due for the use and occupancy of said real property," executed a written assignment dated October 2, 1967, the pertinent parts of which are set forth in full in the footnote below.[3]

On November 28, 1967, the foreclosure action in the State Supreme Court was dismissed, the notice of pendency cancelled, the Receivership terminated, and the Receiver was directed to surrender possession of the premises to CIC and settle his account as said Receiver.

The defendants Irving Trust Company and James A. Austin were the holders, as trustees, of a consolidated second mortgage lien; they assigned said mortgage to CIC by an instrument dated March 27, 1967 and recorded on March 30, 1967, and by reason thereof have no further interest in this proceeding.

The defendant Equitable was, prior to January 1, 1967 and subsequent to November 30, 1967, the holder of a consolidated first mortgage lien covering the Chimes Building.

## CONTENTIONS OF THE PARTIES

SID's opposition to CIC's motion is three-pronged: (1) CIC derived no rights under the October 2, 1967 assignment because it "is void and of no force and effect" pursuant to the provisions of the Anti-Assignment Act (31 U.S.C. § 203), and (2) SID has restoration claims arising out of a lease which terminated on December 31, 1966, which

2. The parties, including SID, fixed the sum to be paid the Receiver "as rental" for the 5 months period at 5/6 of the amount deposited as just compensation for a six month period.

3. The Assignment, in pertinent part, reads as follows:

[SID does] hereby assign to said CITY INVESTING COMPANY, its successors and assigns, all of our right, title and interest in and to any sum of money found to be due from the United States of America resulting from the condemnation by the United States of America of a portion of said real property, which condemnation is now pending in the United States District Court for the Northern District of New York under the following title: [giving caption of 66-CV-483], and we empower said CITY INVESTING COMPANY in its own name or in our names to do and perform all acts, matters and things touching the premises in like manner to all interests and purposes, and, if necessary, to bring appropriate proceedings in said condemnation for the substitution of itself in our place as defendant in said action for the purpose of re-

covering to its own use all sums found to be due and owing from the United States of America by reason of such condemnation.

We covenant that we will not at any time hereafter take any steps whereby the monies found to be due and owing from the United States of America as a result of any adjudication, award or settlement of Civil Action #66CV-483 or any part thereof shall be paid to us except for the purpose of transmitting the same by endorsement or otherwise to CITY INVESTING COMPANY, nor will we do any act whereby CITY INVESTING COMPANY, its successors or assigns, may be prevented or hindered from enforcing payment of the same; we further covenant that we and all persons claiming under us, including our heirs, executors and assigns, shall and will, from time to time, or at any time hereafter execute such further assurances for effectually assigning the said monies found to be due and owing from the United States of America to CITY INVESTING COMPANY, its successors or assigns, as it or they or it or their counsel in law shall require.

the stipulation of September 30, 1968 and the order sought herein purport to include, and (3) that SID has a "residual interest in these proceedings" by reason of a letter dated September 14, 1967 attached to its answering affidavit,[4] which it claims reserved from the assignment its claim for restoration damages under the lease expiring December 31, 1966, and a claim for "loss of equity which [it] may have sustained resulting from any wrongful or arbitrary use of the power of condemnation."

CIC takes the position that it is entitled to the entire award by reason of the assignment; that the parties, in negotiating, were aware of the rights accruing to the United States under the Anti-Assignment Act and to protect against the possible assertion of that statute by the Government, the last paragraph of the assignment was added, which constitutes a separate and severable agreement under which SID should be equitably estopped from asserting any objection to the payment of CIC.

4. That letter, from CIC to SID, reads as follows:

September 14, 1967.

Messrs. Walter J. Sampson,
Bernard Greenbaum, Abner J. Mesirow
and Arthur A. Bogeaus, Co-Partners,
doing business as
SOUTHEASTERN INDUSTRIAL DISTRICT,
799 Elm Street,
Winnetka, Illinois.

Gentlemen:

With reference to the sale by you to us of property situated in the City of Syracuse, New York, including the building known as the Chimes Building, and the assignment by you to us of all rents due and to become due for the use and occupancy of said property, including all sums found to be due from the United States of America, resulting from the condemnation by the United States of America of a portion of said real property, which condemnation is now pending in the United States District Court for the Northern District of New York as Civil Action No. 66-CV-483, we understand and agree that such assignment does not include any claims, rights or damages which you may have against the United States of America or any of its sub-divisions or bureaus for compensation in lieu of restoration and rehabilitation which may be due to you, as Landlord, with respect to the Chimes Building, in accordance with the provisions of the lease dated December 3, 1946, between Onondaga Holding Corp. and the United States of America and any extensions thereof or agreements supplemental thereto.

We further understand and agree that such assignment does not include any claims, rights or damages which you may have for compensation, award or settlement from the United States of America or any of its subdivisions or bureaus for loss of equity which you may have sustained resulting from any wrongful or arbitrary use of the power of condemnation.

Said claims, rights or damages for compensation in lieu or (sic) restoration or rehabilitation and for loss of equity are reserved to you and are distinguished from any right to compensation payable by the United States of America as rent for the use and occupancy of the Chimes Building, pursuant to its condemnation proceeding, designated as Civil Action No. 66-CV-483.

Very truly yours,

CITY INVESTING COMPANY
/s/ Howard F. Noonan
    HOWARD F. NOONAN

The problem, apparently, has its genesis in the use of the terms "rents" and "just compensation" interchangeably by the parties.[5]

As long as judgment is entered in accord with the stipulation of September 30, 1968, the Government has agreed not to assert the Anti-Assignment Act and defendant Equitable has waived its right to lay claim to any part of the just compensation. However, if SID has some residual rights left under the assignment, Equitable, in that case, asserts that it becomes entitled to them under the condemnation clause found in its first mortgage.

■ SID's assertion that the assignment is void is without merit. The Anti-Assignment Act is for the government's protection and only the United States may assert it. See, e. g., Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822 (1937); McKenzie v. Irving Trust Co., 323 U.S. 365, 65 S.Ct. 405, 89 L.Ed. 305 (1945); Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); Toles v. United States, 371 F.2d 784 (10th Cir. 1967); and United Pacific Insurance Co. v. Timber Access Industries Co., 277 F. Supp. 925 (D.Ore.1967).

SID contends that by CIC's letter of September 14, 1967,[6] any restoration claims existing at the end of the period of taking (November 30, 1967), and a "claim for loss of equity," were excluded from the assignment. However, in the course of the oral argument and in the chamber conferences, it was recognized by all the parties that any restoration claims existing by reason of the lease expiring on December 31, 1966 were not affected by this action, and that the restoration damages for the eleventh-month period covered by this section were inconsequential. Further, the letter of September 14, 1967 clearly refers to restoration damages under the lease of December 3, 1946, and extensions thereof which expired on December 31, 1966.

■ SID has not explained what the claimed "loss of equity" constitutes, or whether it is a cognizable element in the fixing of just compensation. In any event, such damages would not be considered independently, if at all, in determining just compensation. See United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311 (1956)

5. For example, (see fn. 2 also) the affidavit of Edgar T. Mengarelli, the Receiver of the Chimes Building property, made in support of a motion for an order directing the Clerk to make a rental payment to him, and sworn to on September 22, 1967, contains the following language of interest:

"* * * on June 14, 1967, there was deposited by the plaintiff with the Clerk of this Court as estimated just compensation for the estates, rights and interest as more particularly set forth in the Declaration of Taking, the Complaint and the Notice of Election to Renew herein, the sum of Seventy-six Thousand Eight Hundred Fifty Dollars (76,850.00), which sum was alleged by the plaintiff to represent the estimated just compensation for said additional taking and for the use of said property for the renewal period beginning July 1, 1967, and ending December 31, 1967." *Affidavit*, page 2.

and:

"That said deposit made by the plaintiff with the Clerk of this Court on June 14, 1967, constitutes rent for the use and occupancy of the premises described in the Complaint herein and that your deponent, as Receiver as aforesaid, is entitled thereto for the reasons set forth in deponent's affidavit sworn to April 26, 1967, in support of deponent's motion to obtain the first deposit, which motion was granted; a true copy of said affidavit of April 26, 1967, is annexed hereto, made a part hereof and marked Exhibit 'D'." *Affidavit*, page 3.

Further, the affidavit requested an order directing payment of "the sum of $44,402.15, being the rent for the use and occupancy of said premises for the period from July 1, 1967, to October 14, 1967, based upon plaintiff's estimate of just compensation for the use and occupancy of said premises for the period from July 1, 1967, to December 31, 1967, without prejudice to deponent's right to have ascertained the just compensation for the taking herein. Dated: September 22, 1967." *Affidavit*, page 4.

6. See footnote 4, supra.

and Kimball Laundry Co. v. United States, 338 U.S. 1, 69 S.Ct. 1434, 93 L. Ed. 1765 (1949); but cf. United States v. Certain Land at Irving Place & 16th St., 415 F.2d 265 (2d Cir. 1969).

To support its contention that "loss of equity" was reserved from the assignment, SID relies upon the specific exclusions from the assignment found in the letter of September 14, 1967 from CIC to SID, (see fn. 4).

■ Whether reserved from the assignment or not seems to be of small moment, since by its own terms the "loss of equity" damage is limited to that *"resulting from any wrongful or arbitrary use of the power of condemnation"*, in effect, equivalent to a physical seizure without a condemnation proceeding and a claim over which the Court of Claims and not this court would have exclusive jurisdiction. Myers v. United States, 323 F.2d 580, 583 (9th Cir. 1963), see also, United States v. Dow, 357 U.S. 17, 21, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958) (emphasis added).

■ All the previous correspondence cited by the parties as indicative of their intention, was integrated in the subsequently executed assignment. Accordingly, it is only the assignment which determines the rights of the parties. See Restatement of Contracts, §§ 237 et seq., 4 Williston on Contracts, §§ 631 et seq. (3rd Ed. 1961), Richardson on Evidence, §§·578 et seq. (9th Ed. 1964). Further, the assignment was

without reservation of any kind, and SID assigned to CIC "all of our right, title and interest in and to any sum of money found to be due from the United States of America resulting from the condemnation by the United States of America * * *."

Even if SID had some residual rights left under the assignment, Equitable, as noted earlier, asserts that it becomes entitled to them under the condemnation clause[7] in its first mortgage. This stands as a further bar to SID's claim.

The effect of the assignment by SID to CIC and the condemnation clause in SID's first mortgage with Equitable, leaves SID without any interest in the condemnation award. The rights or remedies of SID outside of the award, if any, remain undisturbed.

Under the circumstances, the motion of the petitioner CIC is granted as hereinafter provided, and it is

ORDERED that City Investing Company a New York corporation with its principal place of business at 980 Madison Avenue, New York, New York, be and it hereby is joined as a party defendant in this action, and the notice, complaint, and the proceedings herein are amended accordingly; and it is further

ORDERED that summary judgment be granted herein:

(1) Condemning the premises described in Schedule "A" of the Com-

7. That clause reads as follows:
20. The party of the second part for themselves, their heirs, legal representatives, successors and assigns, does hereby assign to said party of the first part, its heirs, legal representatives, successors and assigns any and all awards heretofore made and hereafter to be made to the present and all subsequent owners of the mortgaged premises, including any award and awards for change of grade of any street affecting said mortgaged premises, and said party of the first part, its heirs, legal representatives, successors and assigns is hereby authorized and empowered to collect and receive such award and awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the amount owing on said bond and mortgage, notwithstanding the fact that the amount owing on said bond and mortgage may not then be due and payable, and said party of the second part for themselves, their heirs, legal representatives, successors and assigns covenants and agrees with said party of the first part, its heirs, legal representatives, successors and assigns upon request to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said award and awards to the holder of said bond and mortgage, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

**498**

plaint herein to the extent of the estate set forth therein, and

(2) Fixing the total just compensation to be paid by the United States of America for the taking of the rights and interests herein, as the same are more particularly described in the Complaint and all of the proceedings filed herein in the sum of $178,700.00, which sum includes interest, and

(3) Decreeing that the petitioner CIC is entitled to said just compensation and that no other party to this action is entitled to any part of said just compensation, and

(4) That the sum of $140,891.65 previously withdrawn from the Registry of the Court by and paid to Edgar T. Mengarelli, as Receiver, pursuant to Orders of this Court filed herein on July 10, 1967 and October 18, 1967, be credited against the just compensation herein granted, leaving a balance of $37,808.35 to be paid by the condemnor, the plaintiff herein, and

(5) That judgment in the sum of $37,808.35 be entered in favor of City Investing Company against the United States of America.